# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

LaShawn R. Pettus,

        Petitioner,    :    Case No. 1:20-cv-187

  - vs -        District Judge Michael R. Barrett
                Magistrate Judge Michael R. Merz

Warden,
  Franklin Medical Center,

                        :
        Respondent.

## DECISION AND ORDER DENYING EMERGENCY MOTION FOR EVIDENTIARY HEARING

This habeas corpus case is before the Court on Petitioner's Emergency Motion for Evidentiary Hearing (ECF No. 3). Apparently the claim on which Petitioner seeks an evidentiary hearing is his claim that he received ineffective assistance of appellate counsel on direct appeal when his appellate attorney failed to raise claims relating to the denial of a preliminary hearing and the denial of the right to hire private counsel of choice. *Id.* at PageID 108.

In his Petition in this case, Pettus has pleaded a claim for ineffective assistance of appellate counsel as Ground Five (Petition, ECF No. 1, PageID 5). He also avers that On August 22, 2019, he filed an Application to Reopen his direct appeal "based on a claim of ineffective assistance of the court-appointed appellate counsel for his refusal to present Pettus' meritorious issues in the initial merit brief, thereby requiring Pettus to file a *pro se* supplemental brief." *Id.* at PageID 6. He reports that the First District Court of Appeals has not ruled on that Application as of the date the Petition was filed. *Id.*

The conduct of evidentiary hearings in habeas corpus cases is strictly limited by the Supreme Court's decision in *Cullen v. Pinholster*, 563 U.S. 170 (2011). Much of the law cited by Pettus in support of his Motion pre-dates *Pinholster*, which changed the law drastically. Pettus claims *Pinholster* does not apply to claims never adjudicated on the merits in state court. (Motion, ECF No. 3, PageID 109, citing *Pinholster*, 563 U.S. at 185-86). However, Pettus has apparently submitted his claim of ineffective assistance of appellate counsel to the First District for decision on the merits, and the outcome of that proceeding is not known as of the date of this Order. It may be that the First District will decide that claim on the merits which, even by Petitioner's argument, would change the standard to be applied.

Magistrate Judge Bowman, immediately upon the filing of the Petition, ordered the State to file an answer and the state court record (ECF No. 4).[1] That filing has not yet occurred, but presumably many of the facts needed to adjudicated this claim of ineffective assistance of appellate counsel and the underlying constitutional claims will be evidenced by the state court record, for example, the denial of a preliminary hearing and the denial of selecting counsel. Only after the state court record has been appreciated will it be possible to tell if additional evidence is needed on this ineffective assistance of appellate counsel claim.

**Conclusion**

Accordingly, Petitioner's Emergency Motion for an Evidentiary Hearing is DENIED without prejudice to its renewal after the state court record has been filed. In any renewal of the

---

[1] On March 12, 2020, the Magistrate Judge reference in this case was transferred from Magistrate Judge Bowman to the undersigned to help balance the Magistrate Judge workload in the District (Transfer Order, ECF No. 6).

motion, Petitioner must set forth what evidence he expects to present at the requested hearing.

March 12, 2020.

s/ *Michael R. Merz*<br>United States Magistrate Judge