# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

LaShawn R. Pettus,

        Petitioner,      :      Case No. 1:20-cv-187

  - vs -                        District Judge Michael R. Barrett
                              Magistrate Judge Michael R. Merz

Warden,
  Franklin Medical Center,

                              :
        Respondent.

# DECISION AND ORDER DENYING RECUSAL

This habeas corpus case is before the Court on the filing of Petitioner's Affidavit Pursuant to 28 U.S.C. § 144 *in re* Magistrate Judge Michael R. Merz and Request for Magistrate's Recusal" (ECF No. 8).

Under 28 U.S.C. § 144 the party seeking disqualification must make an affidavit of personal bias or prejudice, accompanied by his counsel's certificate that the affidavit is made in good faith. When a party is proceeding *pro se,* as is Petitioner here, no counsel's certificate is required. While the affidavit is directed in the first instance to the judicial officer sought to be disqualified, if it is timely and legally sufficient, recusal is mandatory; the truth of the facts set forth in the affidavit are not drawn in question, but only their legal sufficiency. 13A C. Wright, A. Miller, and E. Cooper, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION AND RELATED MATTERS 2D, §§ 3541, et seq., particularly § 3550.

To be legally sufficient under § 144, assertions in an affidavit must be definite as to time,

place, persons, and circumstances. *Berger v. United States*, 255 U.S. 22 (1921). Such detail is necessary to prevent abuse of § 144. *Grimes v. United States*, 396 F.2d 331 (9th Cir. 1968). One distinguished court has held that the appropriate level of detail is the same as required in a bill of particulars. *United States v. Mitchell*, 377 F. Supp. 1312 (D.D.C. 1974)(Sirica, J.), *aff'd. sub. nom. United States v. Haldeman*, 559 F.2d 31 (D.C. Cir. 1976).

The standard applied in evaluating recusal motions is an objective one. "[W]hat matters is not the reality of bias or prejudice, but its appearance." *Liteky v. United States,* 510 U.S. 540, 548 (1994). A federal judicial officer must recuse himself or herself where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. This standard is not based 'on the subjective view of a party,'" no matter how strongly that subjective view is held. *United States v. Nelson*, 922 F.2d 311, 319 (6th Cir. 1990), *cert. denied* 499 U.S. 981 (1991); *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir. 1990); *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1251 (6th Cir. 1989); *Browning v. Foltz*, 837 F.2d 276, 279 (6th Cir. 1988).

A disqualifying prejudice or bias must ordinarily be personal or extrajudicial. *United States v. Sammons,* 918 F.2d 592, 598 (6th Cir. 1990); *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1250 (6th Cir. 1989). That is, it "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966); *see also Youn v. Track, Inc.,* 324 F.3d 409, 423 (6th Cir. 2003), *citing Grinnell, supra;Bradley v. Milliken,* 620 F.2d 1143, 1157 (6th Cir. 1980), *citing Grinnell, supra*; *Woodruff v. Tomlin*, 593 F.2d 33, 44 (6th Cir. 1979) (citation omitted). The Supreme Court has written:

> The fact that an opinion held by a judge derives from a source outside judicial proceedings is not a *necessary* condition for 'bias and prejudice' recusal, since predispositions developed during the course of a trial will sometimes (albeit rarely) suffice. Nor is it a *sufficient* condition for 'bias and prejudice' recusal, since some opinions acquired outside the context of judicial proceedings (for example, the judge's view of the law acquired in scholarly reading) will not suffice. ... [J]udicial rulings alone almost never constitute valid basis for a bias or partiality motion. See *United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S. Ct. 1698, 16 L. Ed. 2d 778 (1966). ... Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."

*Liteky v. United States,* 510 U.S. 540, 554-55 (1994); *see also Alley v. Bell*, 307 F.3d 380, 388 (6th Cir. 2002)(quoting the deep-seated favoritism or antagonism standard). The *Liteky* Court went on to hold:

> *Not* establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration — even a stern and short-tempered judge's ordinary efforts at courtroom administration — remain immune.

510 U.S. at 555.

Petitioner's factual averments are that this Magistrate Judge was previously assigned to an earlier habeas corpus case that he filed, Case No. 1:14-cv-292[1], and that in that case I made "racial insensitive" remarks in a filing with regard to slavery in America (Affidavit, ECF No. 8, PageID 121). He does not identify the filing in question. He also avers that in that case the undersigned allowed Respondent to ignore the initial order of Magistrate Judge Litkovitz to file an answer and permitted Respondent to file a motion to dismiss instead. *Id.* at PageID 122. He avers that the

---

[1] During the time that case was pending, Petitioner went by the name "LaShawn R. Pettus-Brown."

3

undersigned continued to cause delays in his case such that he had to file a petition for writ of mandamus in the Sixth Circuit. *Id.* After that I am alleged to have begun to move the case forward such that the court of appeals dismissed the mandamus action.

Petitioner next avers that he sued me in this Court in Case No. 1:15-cv-539 and alleged my racially insensitive comments and allowance of the motion to dismiss in his Complaint. *Id.* He concludes his Affidavit with two summary allegations:

> 11. THAT Affiant believes that with this instant habeas action exposing the treatment of African-Americans in Hamilton County and the legal loopholes that exist in Ohio's Criminal Rules, that Magistrate Judge Merz's involvement in this case would be extremely prejudicial;
>
> 12. THAT Affiant believes to the best of his knowledge that Magistrate Judge Merz would be bias [sic] in favor of the Respondent and prejudice [sic] to Affiant.

*Id.* at PageID 123.

The question presented, then, is whether the Affidavit is legally sufficient to show some extrajudicial source of bias against the Petitioner. It is not.

First of all, Petitioner does not aver that he and I have ever had any extrajudicial contact and indeed we have not. I have never met Petitioner or spoken with him, even in the course of judicial proceedings; the prior habeas case was conducted entirely on paper.

Second, the fact that I entertained a motion to dismiss in the prior habeas case has nothing to do with this Petitioner. The practice of the Ohio Attorney General in filing such motions, even when faced with an order to answer, is commonplace in this District, widely indulged by all of the Magistrate Judges, both present and past. Petitioner complained of that practice in the prior case and District Judge Barrett found it was not unlawful (Case No. 1:14-cv-292, ECF No. 67, PageID 901-02).

Judge Barrett concluded the prior case by finding Petitioner's claims were without merit. He denied Petitioner a certificate of appealability upon a finding that reasonable jurists would not disagree with this Court's conclusions. *Id.* at PageID 905-06. He then certified to the circuit court that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*. *Id.* Petitioner was unable to persuade the Sixth Circuit to the contrary; that court also denied a certificate of appealability. *Pettus-Brown v. Lisath*, Case No. 15-4330 (6th Cir. May 24, 2016)(unreported; copy at ECF No. 72 in prior case), cert. denied, 137 S. Ct. 378 (2016).

By adverting to his filing of a petition for mandamus with respect to the prior case, Petitioner implies that I delayed his case until forced to proceed by his seeking assistance from the appellate court. The prior case was filed April 8, 2014 (Case No. 1:14-cv-292, ECF No. 1). On December 12, 2014, Petitioner filed a motion to compel a ruling on his case in the next thirty days. *Id.* at ECF No. 15). The very next step the Court took was to transfer the Magistrate Judge reference to the undersigned, who, although resident at the Dayton seat of court, has been taking death penalty and habeas corpus cases from the other seats of court while on recall status to help balance the Magistrate Judge workload in the District. Between then and April 22, 2015, when the Sixth Circuit dismissed the mandamus petition, there were ten judicial filings in the case, belying any claim that this Court was delaying a decision at all, much less out of any personal bias against Petitioner.

Petitioner does not quote the allegedly racially insensitive remark he attributes to me nor reference the filing in which it was made. He refers to Case No. 1:15-cv-539 in which he sued Hamilton County Common Pleas Judge Ethna Cooper and other public officials, including President Barak Obama, District Judge Michael Barrett, and me. Nowhere in the Complaint in that case does Petitioner make any reference to any racially insensitive remark I allegedly made in

5

his prior habeas corpus case. That case was dismissed with prejudice and the Sixth Circuit affirmed. *Pettus-Brown v. Cooper,* Case No. 15-4380 (6th Cir. Jun. 8, 2016)(unpublished).

The conclusory averments at the end of the Affidavit add nothing. Petitioner's belief that I would be hostile to "exposing the treatment of African-Americans in Hamilton County and the legal loopholes that exist in Ohio's Criminal Rules" is pure conjecture. During my time in judicial service, I spent considerable time negotiating a settlement of the Cincinnati racial profiling case and served for a number of years on the Ohio Supreme Court's Rules Advisory Committee, charged with recommending reforms of Ohio's rules of procedure. In any event, Petitioner's subjective belief that I would be prejudiced against him is irrelevant to deciding the recusal question.[2]

Because Petitioner's Affidavit under 28 U.S.C, § 144 is legally insufficient, his request for recusal is DENIED.

March 20, 2020.

s/ *Michael R. Merz*<br>
United States Magistrate Judge

---

[2] I note that Petitioner also filed an Affidavit of Disqualification against Magistrate Judge Stephanie Bowman in Case 1:15-cv-539.