# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

LaShawn R. Pettus,

        Petitioner,    :    Case No. 1:20-cv-187

  - vs -                      District Judge Michael R. Barrett
                              Magistrate Judge Michael R. Merz

Warden,
  Franklin Medical Center,

                              :
        Respondent.

# REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Emergency Application for Stay of Execution of State Prison Sentence [28 U.S.C. § 2251] & Release on Own Recognizance Bond (ECF No. 2).

Because this Application is in the nature of a motion for preliminary injunction, it requires a report and recommendations from an assigned Magistrate Judge under 28 U.S.C. § 636(b). Because the State has not yet answered the Petition and filed the State Court Record, the Court must rely only on the state court documents filed by Petitioner, assuming them to be authentic and as complete as necessary to decide the instant Application. The Court notes also that the Petition in this case is verified as required by Rule 2(b)(5) of the Rules Governing § 2254 Cases.

Petitioner avers that he was convicted in the Hamilton County Court of Common Pleas in that court's Case Number Case# 81605805 (Petition, ECF No. 1, ¶ 4, PageID 3. He relates that he was convicted at a bench trial on fifteen counts of a sixteen count indictment, sentenced to fifty-

1

four months imprisonment, and the given an additional six-months as a judicial sanction related to a prior case. *Id.* at PageID 4. On appeal the convictions were affirmed, but the case was remanded for making the findings required by Ohio law before consecutive sentences are imposed. *State v. Pettus*, 2019-Ohio-2023 (Ohio App. 1st Dist. (May 24, 2019). Petitioner relates that the Supreme Court of Ohio has accepted jurisdiction of his appeal and also of a certified conflict, but not yet rendered a decision. Furthermore he has filed an application to reopen the direct appeal under Ohio R. App. P. 26(B) which has not yet been decided.

Petitioner pleads the following grounds for relief:

> **Ground One**: Violation of Equal Protection Clause: Pettus was denied his right to a preliminary hearing prior to his indictment;
>
> **Supporting Facts:** Petitioner was denied the right to a preliminary hearing by the State with its use a loophole in Ohio's Crim.R. 5(B), while other similarly situated defendants in Ohio were in fact permitted the right to have preliminary hearings.
>
> **Ground Two**: Violation of Sixth Amendment: Pettus has the right to be represented by an otherwise qualified attorney whom [sic] that he, as a defendant, can afford to hire;
>
> **Supporting Facts**: Petitioner was expressly told by the trial court judge, on the record, that the court would not let Pettus hire his private counsel of choice and that Pettus only had two options, take the court-appointed counsel or represent himself at trial.
>
> **Ground Three:** *Violation of Double Jeopardy Clause:* Allied Offenses, R.C. 2941.25: Forgery and Theft offenses merge when the act of forgery provides the means for which the theft occurs;
>
> **Supporting Facts:** Petitioner deposited his own personal checks, made out to himself, into his personal bank account; when the checks cleared and funds were made available, he made partial withdrawals; therefore, the alleged theft could not have occurred without the alleged uttering. The charges should have been merged for the purpose of sentencing and the charges should have been merged for the purpose of sentencing and the alleged motivation was a single animus.
>
> **GROUND FOUR:** *Violation of Due Process and Equal Protection*

*Clauses:* Pettus, represented by appointed counsel, is entitled to file, *pro se,* a brief as a supplement to the brief filed by counsel;

**Supporting Facts:** Petitioner was denied the procedural right to file a supplemental brief when his court-appointed appellate counsel willfully refused to argue meritorious errors in the appellant brief while the very appellate court permitted other appellants the right to file *pro se* supplemental briefs in similar situations.

**GROUND FIVE:** *Violation of Sixth Amendment:* Ineffective Assistance of Appellate Counsel - Counsel was deficient for failing to raise issues that have a "reasonable probability" to be successful;

**Supporting Facts:** Petitioner's court-appointed appellate counsel willfully refused to raise and present major arguments in the direct appeal, despite Pettus' expressly written request and supportive case law and evidence.

**GROUND SIX:** *Violation of Due Process and Equal Protection Clauses:* R.C. § 2913.61(C)(l) allows aggregation of theft offenses only when the victims are eldery [sic] or disabled or who are in the military or who are spouses of those in the military.

**Supporting Facts:** Petitioner's misdemeanor charges are aggregated to make felony charges despite the fact that none of the alleged victims are elderly, disabled, or in the military or who are spouses of those in the military; the state never attempted this improper aggregation with other similarly situated persons.

(Petition, ECF No. 1, PageID 6-7.)

## Stay of Execution

Petitioner reports that he sought stays pending appeal from the Common Pleas Court, the First District Court of Appeals, and the Supreme Court of Ohio, all of which denied stays without explanation. Although Petitioner has been serving his sentence, he seeks a stay of further execution.

In considering whether to grant a stay of execution of a sentence imposed by a state court, federal courts apply the same four-factor test employed in deciding any preliminary injunction motion: "1) whether there is a likelihood he will succeed on the merits of the appeal; 2) whether

there is a likelihood he will suffer irreparable harm absent a stay; 3) whether the stay will cause substantial harm to others; and 4) whether the injunction would serve the public interest." *Workman v. Bell*, 484 F. 3d 837, 839 (6th Cir. 2007). The showing on the first prong must be of a "substantial possibility" of success on the merits. *Hill v. McDonough*, 547 U.S. 573 (2006). The Sixth Circuit recently reiterated that standard in a capital case on appeal from this Court, holding "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *In re Ohio Execution Protocol Litig. (Henness)*[1], 946 F.3d 287, 289 (6th Cir. 2019), quoting *Glossip v. Gross*, 135 S. Ct. 2726, 2736, 192 L. Ed. 2d 761 (2015).

As precedent for staying a non-capital criminal sentence, Pettus relies on *Hunter v. Dinckelacker*, 2016 U.S. Dist. LEXIS 66870 (S.D. Ohio 2016)(Black, J.). In that case Judge Black of this Court did grant petitioner a stay pending decision on her habeas petition, but after he denied petition, she sought a stay pending appeal. The Sixth Circuit concluded that even though Hunter would probably complete her sentence before the appeal was completed,

> she has not demonstrated she will suffer any additional irreparable harm in the absence of a stay.
>
> The Supreme Court has noted "the State's strong interest in enforcing its criminal judgments without undue interference from federal courts." *Hill v. McDonough*, 547 U.S. 573, 574, 126 S. Ct. 2096, 165 L. Ed. 2d 44 (2006). The interest of the state and the public in the finality and enforcement of judgments supports the denial of a stay pending appeal.

*Hunter v. Ohio AG's Office,* 2019 U.S. App. LEXIS 21462 (6th Cir., Jul. 18, 2019).

Hunter argues briefly in support of each of the four factors in the *Workman* test.

---

[1] The official reporter has seriously miscaptioned this opinion in that Bennie Adams and Warren Henness are both plaintiffs in that action. A more correct caption would read *Henness v. DeWine.*

First he asserts he is likely to prevail on the merits (Motion, ECF No. 2, PageID 97). However, he cites in the Motion absolutely no case law in support of his position. His theory that he is constitutionally entitled to a preliminary hearing is novel: both the Ohio and the Federal Rules of Criminal Procedure provide that a preliminary hearing will not be held if a grand jury has returned an indictment. The fact that the Supreme Court of Ohio has accepted a certified conflict between the First District and other district courts of appeals on the question of aggregation of amounts in theft cases does not imply that that court will decide the conflict in Pettus's favor. This parallels the holding in the *Hunter* case, *supra*, that issuance of a certificate of appealability does not imply success on the merits.

Regarding Petitioner's asserted right to file a *pro se* supplemental appellate brief while represented by counsel, a criminal defendant is not entitled to hybrid representation. *McKaskle v. Wiggins*, 465 U.S. 168 (1984). Followed in *State v. Taylor,* 98 Ohio St. 3d 27, 2002-Ohio-7017 at Par. 43 (2002). The denial of counsel of choice claim must be examined in the context of the record as a whole; the transcript excerpts attached to the Petition are insufficient to show Pettus is likely to prevail on this claim. On balance, Petitioner has not shown he is likely to prevail on the merits. This implies no final conclusion on the merits of Petitioner's grounds for relief, but merely an assessment of the strength of the case on the first *Workman* factor.

Pettus asserts he will suffer irreparable injury if he is forced to remain incarcerated pending a decision in this case (Motion, ECF No. 2, PageID 97, citing again Judge Black's decision at the outset of the *Hunter* case). As noted above the Sixth Circuit denied a stay pending appeal in that case on a finding that even though Hunter's sentence would probably expire before the appeal was decided, she had not shown she would suffer irreparable injury.

If serving some term of imprisonment pending a habeas corpus decision counted as

5

irreparable injury, then every habeas petitioner would prevail on this prong of the *Workman* test. Because of the current structure of habeas corpus litigation, few litigants with misdemeanor or relatively short felony sentences will reach habeas court before they have spent considerable time behind bars. To accept the premise that any imprisonment on a conviction that might be overturned in habeas constitutes irreparable harm would support use of 28 U.S.C. § 2251 to intervene early in state criminal cases. That would run completely contrary to the Supreme Court's decision in *Heck v. Humphrey,* 512 U.S. 477, 486-487 (1994), that even a claim for damages relating to an allegedly unconstitutional conviction or sentence that has *not* been invalidated is not cognizable under 42 U.S.C. § 1983. Much less so an equitable action for injunctive relief. *Heck* applies to pending state criminal proceedings as well as those which have been terminated. *Callihan v. Schneider*, 178 F.3d 800, 804 (6th Cir. 1999). See also *Younger v. Harris*, 401 U.S. 37 (1971).

As to the third *Workman* factor, Petitioner asserts "A stay will NOT cause any harm to others, as Pettus has never been accused of any violent acts nor labeled as a danger to the public." (Motion, ECF No. 2, PageID 97). But every criminal act is a harm to the public; that is why crimes, even the most private, are prosecuted in the name of the State. While Petitioner may never have been prosecuted for any violent acts, the crimes involved in his prior habeas case in this Court involved a major breach of the public trust. Furthermore, as the Sixth Circuit noted in *Workman*, the public has a substantial interest in the enforcement of criminal sanctions.

As to the fourth prong of the *Workman* test – whether a preliminary injunction is in the public interest – Pettus asserts, correctly, that protection of constitutional rights is always in the public interest (Motion, ECF No. 2, PageID 97). But everyone who files a federal habeas corpus case must claim that his or her constitutional rights are violated by the criminal conviction thatr keeps him or her in custody. Federal habeas corpus is available only to correct federal

constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). 28 U.S.C. § 2251 cannot plausibly be invoked to protect every **claim** of constitutional right. To do so would utterly disrupt ordinary state criminal process.

Weighing all the Workman factors, the Magistrate Judge is not persuaded Pettus has made a case for a stay of execution and recommends that the requested stay be denied.

## Bail

In the second part of his Application, Pettus seeks to be released on his own recognizance pending a decision in the case.

A district court has authority to enlarge a state prisoner pending determination of his or her petition for writ of habeas corpus under 28 U.S.C. § 2254. *Aronson v. May*, 85 S. Ct. 3, 13 L. Ed. 2d 6 (1964). However, it is appropriate to exercise that authority only upon a showing that a petitioner's claim is both substantial and clear on the merits. *Glynn v. Donnelly*, 470 F.2d 95 (1st Cir. 1972); *Calley v. Callaway*, 496 F.2d 701 (5th Cir. 1974).

> In order to receive bail pending a decision on the merits, prisoners must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of "some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice." *Aronson v. May*, 85 S.Ct. 3, 5, 13 L.Ed.2d 6, 9 (1964) (Douglas, J., in chambers); see *Martin v. Solem,* 801 F.2d at 329-330; *Iuteri v. Nardoza*, 662 F.2d at 161. There will be few occasions where a prisoner will meet this standard.

*Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990).

As set forth above in the discussion of a possible stay, the Magistrate Judge believes Pettus

7

has not shown a strong likelihood of success on the merits of his habeas corpus claims; certainly the merits are not clear.

As authority for the exceptional circumstances portion of the test, Petitioner relies on *Scheidler v. Berghuis,* 2008 U.S. Dist. LEXIS 2842, 2008 WL 161899 (E.D. Mich. 2008), where the court held:

> "Exceptional circumstances justifying release on bond pending a decision in a habeas case have been limited to situations where (1) the prisoner was gravely ill, (2) the prisoner committed a minor crime and is serving a short sentence, which is near completion, or (3) possibly when there was extraordinary delay in processing the habeas corpus petition. See *Landano v. Rafferty,* 970 F.2d 1230, 1239 (3rd Cir. 1992); *Calley v. Callaway,* 496 F.2d 701, 702 n. 1 (5th Cir. 1974); see also *Puertas v. Overton,* 272 F.Supp.2d 621 (E.D. Mich. 2003) (Gadola, J.) (granting bond where the 76-year-old petitioner presented a substantial claim of law based on the facts and was being treated for bladder cancer and heart disease)."

Pettus does not come within any of these suggested categories. He concedes that he is not gravely ill (Motion, ECF No. 2, PageID 101). He is serving a sentence for a number of felony convictions. While they may be minor crimes in his estimation, the General Assembly saw fit to classify them as felonies which is consistent with their treatment at common law and in most American jurisdictions, including in the federal courts. The sentence is not "near completion;" it has fourteen more months to run, even assuming vacation of the six-month judicial sanction related to the prior case. There has been no extraordinary delay in processing this case: Magistrate Judge Bowman completed analysis under Rule 4 and issued an order for answer within a day. The time allowed for answer is completely consistent with time allowed in other habeas corpus cases in this District. In most habeas cases originally assigned or transferred to him, the undersigned Magistrate Judge has been able to make a report and recommendations within several weeks of the time the case becomes ripe.

In short, Petitioner has not shown he has a clear case on the merits or that exceptional circumstances justify admitting him to bail. Therefore his request for release on his own recognizance should be denied.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Emergency Application (ECF No. 2) be DENIED.

April 8, 2020.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.