UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| LaShawn R. Pettus, | ) |
| Petitioner, | ) Case No.: 1:20-cv-00187 |
| vs. | ) Judge Michael R. Barrett |
| Warden, Franklin Medical Center, | ) |
| Respondent. | ) |

### ORDER

This matter is before the Court on the April 8, 2020 Report and Recommendation of the Magistrate Judge. (Doc. 10). Proper notice was provided to the parties under Fed. R. Civ. P. 72(b), including notice that they would waive further appeal if they failed to file objections to the April 8, 2020 Report and Recommendation in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949-950 (6th Cir. 1981).

As background, on March 4, 2020, Petitioner, proceeding *pro se*, filed a Verified Petition for a Writ of Habeas Corpus. (Doc. 1). In it, he asserts six grounds for relief. (*Id.* at PageID 6–7 (¶ 23)). The same day he also filed an Emergency Application for a stay of execution of his state prison sentence, pursuant to 28 U.S.C. § 2251[1]; and for release on his own recognizance or surety—suggesting electronic monitoring—pending appellate review. (Doc. 2). The Magistrate Judge recommends that the Emergency Application be denied. (Doc. 10 at PageID 141).

---

[1] "A . . . judge of the United States before whom a habeas corpus proceeding is pending, may, . . . pending appeal, stay any proceeding against the person detained in any State court or by or under the authority of any State for any matter involved in the habeas corpus proceeding." 28 U.S.C. § 2251(a)(1).

1

The day after the Magistrate Judge filed his Report and Recommendation, attorney James A. Anzelmo entered his appearance on behalf of Petitioner. (Doc. 11). Mr. Anzelmo thereafter timely filed objections (Doc. 12), which he amended the same day (Doc. 13), on Petitioner's behalf. Respondent did not respond to Petitioner's objections. On May 11, 2020, Petitioner filed a motion for expedited consideration of his Emergency Application. (Doc. 19). Respondent filed a response in opposition on May 15, 2020. (Doc. 20). Petitioner's reply followed on May 21, 2020. (Doc. 21).

## I.     The April 8, 2020 Report and Recommendation

Relevant to these proceedings, Petitioner avers that he was convicted in the Hamilton County Court of Common Pleas on 15 counts (of a 16-count indictment) and sentenced to a term of imprisonment of 54 months[2]. These convictions were affirmed on appeal, but the case was remanded for resentencing because the trial court failed to make the requisite findings necessary for imposing consecutive sentences. *State v. Pettus*, No. C-1701712, 2019 WL 2244756, at *1(¶ 3), *9 (¶¶ 64–69), *12 (¶ 85) (Ohio Ct. App. May 24, 2019). Petitioner further avers that the Ohio Supreme Court has accepted jurisdiction of his appeal and of a certified conflict, with no decision rendered to date. Additionally, Petitioner has filed an application to reopen his direct appeal under Ohio R. App. P. 26(B), which remains pending.

The Magistrate Judge applied the four-factor test used to decide a motion for preliminary injunction to issue his recommendations regarding Petitioner's application for a stay of execution of his state court sentence. These factors are: "1) whether there

---

[2] Petitioner also was sentenced to an additional six months as a judicial sanction related to a prior case.

is a likelihood he will succeed on the merits of the appeal; 2) whether there is a likelihood he will suffer irreparable harm absent a stay; 3) whether the stay will cause substantial harm to others; and 4) whether the injunction would serve the public interest." *Workman v. Bell*, 484 F.3d 837, 839 (6th Cir. 2007). As to the first factor, Petitioner "must show a '**significant** possibility of success on the merits' in order to obtain a stay." *Id.* (quoting *Hill v. McDonough*, 547 U.S. 573, 584 (2006) (emphasis added)).

Balancing all four factors, the Magistrate Judge determined that Petitioner fell short of making a case for a stay of execution. In support of the first *Workman* factor, Petitioner states he is likely to prevail on the merits because of: "the denial of counsel of choice and denial of preliminary hearing; the evidence of petitioner's communication with the ineffective court-appointed appellate counsel; and the fact that the Ohio Supreme Court, in a 5-2 decision, has certified that the appellate court's ruling in Pettus' appeal conflicts with the rulings from various other appellate courts[.]" (Doc. 2 at PageID 97). The Magistrate Judge noted the obvious—that Petitioner cites no caselaw in support of his position—and proceeded to consider each claim. His conclusions follow.

An insufficient record (to date, in the absence of Respondent's answer) would not allow proper assessment of the denial of counsel of choice claim, but the state rules of criminal procedure provide that a preliminary hearing will *not* be held if a grand jury has returned an indictment. As to the ineffective assistance of appellate counsel claim (Ground Four), Petitioner has no right to file a supplemental appellate brief while represented by counsel because a criminal defendant is not entitled to hybrid

3

representation. *See McKaskle v. Wiggins*, 465 U.S. 168 (1984); *State v. Taylor*, 98 Ohio St. 3d 27, 2002-Ohio-7017, 781 N.E.2d 72, at ¶ 43.[3] Finally, the fact that the Supreme Court of Ohio has accepted a certified conflict between the First District and other district courts of appeals on the question of aggregation of amounts in theft cases[4] does not imply that the court will decide the conflict in Petitioner's favor.

In support of the second *Workman* factor, irreparable harm, Petitioner cites Judge Black's decision in *Hunter v. Dinkelacker*, Case No. 1:16-cv-561 (S.D. Ohio May 19, 2016), in which he allowed a stay of execution of a six-month state court sentence while the petitioner's petition for a writ was pending. But as the Magistrate Judge points out, after Judge Black denied the writ, the petitioner sought a stay pending appeal that the Sixth Circuit subsequently denied:

> Though [petitioner] will likely have served her sentence prior to the conclusion of the appeal, she has not demonstrated she will suffer any additional irreparable harm in the absence of a stay.
>
> The Supreme Court has noted "the State's strong interest in enforcing its criminal judgments without undue interference from federal courts." *Hill v. McDonough*, 547 U.S. 573, 574 (2006). The interest of the state and the public in the finality and enforcement of judgments supports the denial of a stay pending appeal.

*Hunter v. Ohio Attorney General's Office*, No. 19-3515 (6th Cir. July 18, 2019). The Magistrate Judge further reasoned that, if serving jail time while awaiting a decision

---

[3] The Supreme Court of Ohio has affirmed this principle. "Today we reaffirm and hold in Ohio, a criminal defendant has the right to representation by counsel or to proceed pro se with the assistance of standby counsel. However, these two rights are independent of each other and may not be asserted simultaneously." *State v. Martin*, 103 Ohio St. 3d 385, 2004-Ohio-5471, 816 N.E.2d 277, at ¶ 32 (2004).
[4] *See State v. Pettus*, 157 Ohio St. 3d 1417, 2019-Ohio-3797, 131 N.E.2d 955 (table) ("The conflict case is State v. Phillips, 12th Dist. Clinton No. CA2009-03-001, 2010-Ohio-2711.").

counted as irreparable harm, then *every* habeas petitioner would prevail on the second *Workman* factor, a nonsensical result.

In support of the third *Workman* factor, Petitioner states that a stay will not harm others, because he has "never been accused of any violent acts nor labeled as a danger to the public." (Doc. 2 at PageID 97). But every criminal act harms the public, and in the estimation of the Magistrate Judge, Petitioner's crimes, albeit non-violent, involved a "major breach of the public trust." (Doc. 10 at PageID 138).

Finally, as to the fourth *Workman* factor, Petitioner cites Sixth Circuit authority for the proposition that protection of constitutional rights is always in the public interest. The Magistrate Judge agreed, but observed that federal habeas corpus is available *only for the purpose of redressing constitutional violations*. Thus, to allow § 2251 to protect all petitioners would "utterly disrupt" ordinary state criminal process. (*Id.* at PageID 139).

The Magistrate Judge also addressed Petitioner's request to be released on his own recognizance pending a decision regarding his petition. He acknowledged the Court's authority to do so, but qualified that it may do so "only upon a showing that a petitioner's claim is both substantial and clear on the merits." (*Id.*). Citing his analysis regarding the first *Workman* factor, the Magistrate Judge concluded that the merits of Petitioner's petition "are not clear." (*Id.*)

Additionally, release pending a decision on the merits also requires the existence of "some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice." (*Id.* (quoting *Dotson v. Clark*, 900 F.2d 77, 79 (6th

Cir. 1990) (quoting *Aronson v. May*, 85 S.Ct. 3, 5, 13 L.Ed.2d 6, 9 (1964) (Douglas, J., in chambers))). Thus, the Magistrate Judge proceeded to evaluate the circumstances of Petitioner's case against the categories set forth in an opinion cited by Petitioner in support of release:

> Exceptional circumstances justifying release on bond pending a decision in a habeas case have been limited to situations where (1) the prisoner was gravely ill, (2) the prisoner committed a minor crime and is serving a short sentence, which is near completion, or (3) possibly when there was extraordinary delay in processing the habeas corpus petition.

*Scheidler v. Berghuis*, No. 07-10346, 2008 WL 161899, at *1 (E.D. Mich. Jan. 15, 2008). Petitioner concedes that he is not gravely ill, eliminating that concern. Continuing, the Magistrate Judge related that Petitioner is serving a sentence for multiple felonies with 14 months remaining,[5] and that presumes Petitioner will not be required to serve the additional six months to which he was sanctioned in a prior case. Finally, the Magistrate Judge mentioned the lack of delay in processing this case thus far. The Magistrate Judge to which it was originally referred completed her Rule 4 (of the Rules Governing § 2254 Cases) analysis and ordered Respondent to file an answer (within 60 days) the day after the petition was filed.[6] And there is no reason to believe that he, as the currently assigned Magistrate Judge, will not timely issue a report and recommendation once the petition becomes ripe for review. Accordingly, along with finding no clear case on the merits, the Magistrate Judge determined that Petitioner has not shown that exceptional circumstances justify admitting him to bail.

---

[5] Counsel represents that Petitioner has nine months left to serve. (Doc. 19 at PageID 168).
[6] (*See* Doc. 4). Respondent's answer is now due July 2, 2020. (*See* 05/04/2020 Notation Order).

**II. Analysis of Petitioner's Amended Objections and Motion for Expedited Consideration**

When a court receives objections to a magistrate judge's recommended disposition on a dispositive matter, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Thereafter the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see* 28 U.S.C. § 636(b)(1).

To a large extent, Petitioner's Amended Objections are general disagreements with the Magistrate Judge's recommendations, which is insufficient to warrant further review. *See Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("An 'objection that does nothing more than state a disagreement with a magistrate [judge]'s suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."). The Court will address one possible exception. As to the first *Workman* factor, success on the merits and with regard to his claim of ineffective assistance of appellate counsel, Petitioner cites *State v. Smith*, No. C-080607, 2009 WL 1900428 (Ohio Ct. App. July 2, 2009) for the proposition that the First District Court of Appeals considered a defendant's *pro se* supplemental brief along with his appellate counsel's brief. (Doc. 13 at PageID 159). As such, a "right" was created that was later denied to Petitioner. (*Id.*). Unfortunately for Petitioner, *Smith* is an unpublished opinion, in which this so-called "right" was not a question presented to the court. Thus, *Smith* offers no authority, much less authority that would support a "significant" possibility of success on the merits. *See Workman*, 484 F.3d at 839.

Petitioner's Amended Objections primarily focus on the second *Workman* factor, irreparable harm, and argue a completely different basis: the COVID-19 pandemic. In the interest of judicial economy, the Court will not order the matter recommitted to the Magistrate Judge for a supplemental report and recommendation. Instead, it will address the substance of Petitioner's argument in the first instance.

In support of his argument that he is at high risk of contracting COVID-19 because he is incarcerated, Petitioner cites *Thakker v. Doll*, No. 1:20-cv-480, -- F. Supp. 3d --, 2020 WL 1671563 (M.D. Pa. Mar. 31, 2020). In that case, the district court granted a temporary restraining order and directed the three respondent wardens to release petitioners—a diverse group of Immigration and Customs Enforcement detainees—on their own recognizance. *Id.* at *1. The court noted that "[e]ach Petitioner suffers from chronic medical conditions and faces an imminent risk of death or serious injury if exposed to COVID-19." *Id.* Descriptions followed: 65 years-old, high blood pressure and cholesterol, in kidney failure; 57 years-old, type II diabetic, high blood pressure and cholesterol, currently sick; 52 years-old, immunocompromised from a kidney transplant, has a heart stent, type II diabetic with blood clots; 52 years-old, diabetic with dental problems and an ulcer; 21 years-old, diabetic who is currently sick and having trouble breathing; 45 years-old, chronic hepatitis B and liver disease, chronic pain due to a forced sterilization; 50 years-old, diabetic with high blood pressure; 34 years-old, diabetic with high blood pressure, nerve pain, limited mobility and pain from a prior bladder and intestine reconstruction, anemia, post-traumatic stress disorder, and depression; 40 years-old, asthma, high blood pressure and

cholesterol; 51 years-old, has contracted the flu four times while in custody; and 54 years-old, leukemia, diabetes, anemia, high blood pressure and cholesterol. *Id.*

Petitioner, although incarcerated, is not similarly situated to the petitioners in the *Thakker* case. This Court takes judicial notice that Petitioner is 43 years-old[7] and, most importantly, does not claim to be suffering from any underlying health condition that would render him more vulnerable to "death or serious injury" if exposed to COVID-19. Furthermore, since Petitioner filed his Amended Objections, the district judge in *Thakker* had the opportunity to decide whether to convert the temporary restraining order into a preliminary injunction. – F. Supp. 3d --, 2020 WL 2025384 (M.D. Pa. Apr. 27, 2020), *appeal filed*, No. 20-1906 (3rd Cir. Apr. 28, 2020). The court noted that two of the three correctional facilities had put into effect "drastic changes" that allowed them to "effectively control" COVID-19 transmission. *Id.* at *5. As such, the court determined that those petitioners housed in those facilities were now *unlikely* to succeed on the merits of their claims. *Id.*

This Court is mindful of the "unprecedented magnitude of the COVID-19 pandemic and the extremely serious health risks it presents." *United States v. Clark*, No. 19-40068-01-HLT, -- F. Supp. 3d --, 2020 WL 1446895, at * 3 (D. Kan. Mar. 25, 2020). But a finding of irreparable harm based on "generalized" COVID-19 fears is not indicated. At Franklin Medical Center where Petitioner is housed, and as of May 21, 2020, 410 inmates are currently in quarantine, which "separates and restricts the movement of people who were exposed, or potentially exposed, to a contagious

---

[7] https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A740801 (last visited 5/22/2020)

disease to see if they become sick" and 39 are in isolation, which "separates sick people with a contagious disease from people who are not sick." https://coronavirus.ohio.gov/static/reports/DRCCOVID-19Information.pdf (last visited 5/22/2020).[8]  Thirty-five inmates are currently positive for COVID-19 with 5 inmates awaiting test results.[9]  *Id.*  And while there regrettably are seven confirmed COVID-19 related inmate deaths, *183 inmates have recovered* from the virus.  *Id.*

In his motion for expedited consideration, Petitioner cites *Smith v. Warden, Toledo Corr. Inst.*, No. 1:12-cv-425, 2020 WL 1815717 (S.D. Ohio Apr. 9, 2020), *appeal filed*, No. 20-3472, (6th Cir. May 1, 2020), a case in which our colleague Judge Black ordered the immediate release of a prisoner.  But that case is readily distinguishable, because the petitioner there suffered from hypertension and, accordingly, was designated as a "critical care" inmate at the facility.  *Id.* at *14.  Further, the Court had determined the merits and issued a writ.  Here, in contrast, Petitioner's petition is recently filed and a decision on the merits is months away.  And Petitioner claims no underlying medical condition that renders him more vulnerable to life-threatening complications or death from the virus.

Just as it has with the flood of recently filed motions for bail (pursuant to 18 U.S.C. § 3142(b)) and compassionate release (pursuant to 18 U.S.C. § 3582), this Court expedited review of the April 8, 2020 Report and Recommendations concerning

---

[8] The "COVID-19 Inmate Quarantine and Isolation" report, found on the Ohio Department of Rehabilitation & Correction's website, is self-authenticating under Fed. R. Evid. 902, and the Court may take judicial notice of it.  *See, e.g.*, *Oak Ridge Envtl. Peace All. v. Perry*, 412 F. Supp. 3d 786, 810 n.6 (E.D. Tenn. 2019) (citing *Demis v. Sniezek*, 558 F.3d 508, 513 n. 2 (6th Cir. 2009) (taking notice of government website)).

[9] A fellow Ohio district judge has singled out the ODRC's mass testing efforts as "commendable."  *Wilson v. Williams*, No. 4:20-cv-00794, -- F. Supp. 3d --, 2020 WL 1940882, at *2 (N.D. Ohio Apr. 22, 2020).

10

Petitioner's Emergency Application and his amended objections thereto.  Based on the foregoing analysis, however, the Court determines that Petitioner has not met the standard for a stay of execution of his state prison sentence or for release on bond pending a merits decision on his habeas petition.

### III.    Conclusion

To summarize:

1. Petitioner's Motion for Expedited Consideration of his Emergency Application (Doc. 19) is **GRANTED;**

2. Petitioner's Amended Objections (Doc. 13) are **OVERRULED**;

3. The Court **ADOPTS** the April 8, 2020 Report and Recommendation of the Magistrate Judge (Doc. 10); and

4. Petitioner's Emergency Application (Doc. 2) is **DENIED**.

**IT IS SO ORDERED**.

/s/ *Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court