# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

LaShawn R. Pettus,

        Petitioner,    :    Case No. 1:20-cv-187

  - vs -                    District Judge Michael R. Barrett
                              Magistrate Judge Michael R. Merz

Warden,
  Franklin Medical Center,

                                      :
        Respondent.

## ORDER GRANTING STAY

This habeas corpus case is before the Court on Petitioner's Motion to Stay Habeas Proceedings (ECF No. 25). Pettus seeks a stay pending the outcome of two proceedings before the Ohio courts.

A motion for stay is a nondispositive pretrial matter within the decisional authority of a Magistrate Judge in the first instance. Fed.R.Civ.P. 72; 28 U.S.C. § 636(b).

Presently pending on direct appeal[1] in the Supreme Court of Ohio is his claim that **Ohio Revised Code § 2913.61(C)(1) allows aggregation of theft offenses only when the victims are elderly or disabled or are in the military or are spouses of those in the military. Pending in the First District Court of Appeals is his application to reopen his direct appeal on claims of ineffective assistance of appellate counsel. The pendency of these matters in state court is confirmed by the Return of Writ.**

---

[1] The Magistrate Judge understands that there is also a certified conflict case pending in the Supreme Court of Ohio on the same question.

1

**Presence of these claims in the Petition renders it mixed**[2]. That is precisely the situation which evoked the Supreme Court's decision in *Rhines v. Weber*, 544 U.S. 269 (2005), where it held:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). . . .
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Id.* at 277-278. In the Return Respondent suggests that a stay is unnecessary because Pettus' conviction is not yet final on direct appeal and the statute of limitations has not yet begun to run. But that argument misses the reason why *Rhines* was necessary. Before Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), a court could dismiss unexhausted claims without prejudice and a petitioner could assert them when the claims had finally been decided in the state courts. Now, however, a second petition faces the possible bar of 28 U.S.C. § 2244(b).

Accordingly, it is hereby ordered that these proceedings be, and they hereby are, STAYED pending the outcome of Petitioner's presently pending state court proceedings. The parties are

---

[2] The Magistrate Judge assumes Petitioner filed his Petition *pro se* prior to exhaustion in the hope this Court would grant him a stay of execution of the state court sentence.

2

ordered to keep this Court currently advised of decisions of the Ohio courts in those proceedings. Petitioner's deadline for filing a reply is VACATED and will be re-set when the state court proceedings are complete.

July 15, 2020.

s/ *Michael R. Merz*<br>United States Magistrate Judge