# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

LASHAWN R. PETTUS,

        Petitioner,    :    Case No. 1:20-cv-187

- vs -    District Judge Michael R. Barrett
    Magistrate Judge Michael R. Merz

WARDEN,
  Franklin Medical Center,

        :
        Respondent.

## DECISION AND ORDER GRANTING MOTION FOR STAY

This habeas corpus case is before the Court on Petitioner's Second Motion to Stay Habeas Proceedings (ECF No. 40). In the Motion Petitioner notes that, although his Application for Reopening his appeal under Ohio R. App. P. 26(B) was denied December 23, 2020, he has appealed to the Supreme Court of Ohio which has not yet decided whether to accept jurisdiction. He seeks a stay pending the outcome of that appeal.

District courts have authority to grant stays in habeas corpus cases to permit exhaustion of state court remedies in consideration of the AEDPA's preference for state court initial resolution of claims. *Rhines v. Weber*, 544 U.S. 269 (2005). However, in recognizing that authority, the Supreme Court held:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for

1

> that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). . . .
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Id.* at 277-278. "Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings. *Id.* It also directed district courts to place reasonable time limits on the petitioner's trip to state court and back. The Court thus endorsed the approach this Court had been following under *Palmer v. Carlton*, 276 F.3d 377 (6th Cir. 2002), and *Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002).

Habeas corpus exhaustion doctrine requires Petitioner to exhaust state court remedies for ineffective assistance of appellate counsel claims and a proceeding under App. R. 26(B) is the appropriate manner for doing that. The same doctrine requires complete exhaustion through the state supreme court level which it appears Petitioner is appropriately pursuing.

Accordingly, it is hereby ORDERED that these proceedings be stayed pending the outcome in Ohio Supreme Court Case No. 2021-0176. Petitioner's counsel shall promptly advise this Court when he receives notice of that outcome.

February 17, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge
