# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

LASHAWN R. PETTUS,

                Petitioner,         :     Case No. 1:20-cv-187

     - vs -                      District Judge Michael R. Barrett
                                 Magistrate Judge Michael R. Merz

WARDEN,
  Franklin Medical Center,

                                 :
               Respondent.

---

# DECISION AND ORDER DENYING, UPON RECONSIDERATION, PETITIONER'S RENEWED EMERGENCY MOTION FOR EVIDENTIARY HEARING

---

       This habeas corpus case is before the Court on Petitioner's Motion to Reconsider (ECF No. 54) the Magistrate Judge's Decision and Order (ECF No. 52) Denying Petitioner's Renewed Emergency Motion for Evidentiary Hearing (ECF No. 50). The Court has plenary authority to reconsider interlocutory orders and agrees to reconsider this particular decision.

       The Motion for Reconsideration states that an evidentiary hearing is sought with respect to Ground Five in the Petition, ineffective assistance of appellate counsel, which reads as follows:

> **Ground Five:** *Violation of Sixth Amendment:* Ineffective Assistance of Appellate Counsel - Counsel was deficient for failing to raise issues that have a "reasonable probability" to be successful;
>
> **Supporting Facts:** Petitioner's court-appointed appellate counsel willfully refused to raise and present major arguments in the direct appeal, despite Pettus' expressly written request and supportive case law and evidence.

(Petition, ECF No. 1, PageID 7). Pettus's contention in the Motion to Reconsider is that "this Court, via the magistrate [judge], erred by denying the request for an evidentiary hearing on grounds that the Ohio intermediate appellate court denied the App.R. 26(B) application." (Motion, ECF No. 54, PageID 2494). He argues the First District Court of Appeals denied his Application for Reopening under Ohio R. App. P. 26(B) "by an irregular manner that violated Pettus' rights to due process and the equal protection clause guaranteed by the United States Constitution. Thus, for this Court to deny Pettus' request for a hearing by relying on the appellate court's decision is erroneous and prejudicial to Pettus." *Id.*

Petitioner notes the procedure for considering ineffective assistance of appellate counsel claims in Ohio R. App. P. 26(B) and claims the First District Court of Appeals did not follow that procedure, thereby denying him due process of law. "Here, the appellate court denied the App.R. 26(B) application by reaching the merits of the issues raised. It did so without allowing an opportunity for briefing and oral argument." *Id.* at PageID 2495. He also claims that other criminal defendants are afforded the full procedure provided by the Rule, so that denying it in his case denied him the equal protection of the laws to which he is entitled by the Fourteenth Amendment. *Id.* at PageID 2496. To establish these claims, he seeks, on an emergency basis, an evidentiary hearing at which he wishes to present the unspecified testimony of Luwana Oglesby and Roger Kirk, printed email communication with the ineffective appellate attorney [Kirk], and DRC's JPay communications."

**The Relevant Rule**

Ohio R. App.P. 26(B) provides:

**(B) Application for reopening.**

**(1)** A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel. An application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time.

**(2)** An application for reopening shall contain all of the following:

> **(a)** The appellate case number in which reopening is sought and the trial court case number or numbers from which the appeal was taken;

> **(b)** A showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment.

> **(c)** One or more assignments of error or arguments in support of assignments of error that previously were not considered on the merits in the case by any appellate court or that were considered on an incomplete record because of appellate counsel's deficient representation;

> **(d)** A sworn statement of the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised pursuant to division (B)(2)(c) of this rule and the manner in which the deficiency prejudicially affected the outcome of the appeal, which may include citations to applicable authorities and references to the record;

> **(e)** Any parts of the record available to the applicant and all supplemental affidavits upon which the applicant relies.

**(3)** The applicant shall furnish an additional copy of the application to the clerk of the court of appeals who shall serve it on the attorney for the prosecution. The attorney for the prosecution, within thirty days from the filing of the application, may file and serve affidavits, parts of the record, and a memorandum of law in opposition to the application.

**(4)** An application for reopening and an opposing memorandum shall not exceed ten pages, exclusive of affidavits and parts of the record. Oral argument of an application for reopening shall not be permitted except at the request of the court.

**(5)** An application for reopening shall be granted if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal.

**(6)** If the court denies the application, it shall state in the entry the reasons for denial. If the court grants the application, it shall do both of the following:

**(a)** appoint counsel to represent the applicant if the applicant is indigent and not currently represented;

**(b)** impose conditions, if any, necessary to preserve the status quo during pendency of the reopened appeal.

The clerk shall serve notice of journalization of the entry on the parties and, if the application is granted, on the clerk of the trial court.

**(7)** If the application is granted, the case shall proceed as on an initial appeal in accordance with these rules except that the court may limit its review to those assignments of error and arguments not previously considered. The time limits for preparation and transmission of the record pursuant to App. R. 9 and 10 shall run from journalization of the entry granting the application. The parties shall address in their briefs the claim that representation by prior appellate counsel was deficient and that the applicant was prejudiced by that deficiency.

**(8)** If the court of appeals determines that an evidentiary hearing is necessary, the evidentiary hearing may be conducted by the court or referred to a magistrate.

**(9)** If the court finds that the performance of appellate counsel was deficient and the applicant was prejudiced by that deficiency, the court shall vacate its prior judgment and enter the appropriate judgment. If the court does not so find, the court shall issue an order confirming its prior judgment.

Rule 26(B) was added to Appellate Rule 26 as of July 1, 1993, on recommendation of the Ohio Supreme Court's Rules Advisory Committee, made in response to that court's direction to the Committee in *State v. Murnahan*, 63 Ohio St. 3d 60 (1992), where the court held claims of

ineffective assistance of appellate counsel could not be considered in a petition for post-conviction relief under Ohio Revised Code § 2953.21.

**Litigation History on Appeal**

Pettus's initial brief on direct appeal was filed by Attorney Roger Kirk (State Court Record, ECF No. 23, Ex. 30). After filing that Brief, Attorney Kirk moved to withdraw and have the Court of Appeals appoint substitute counsel because communications between him and Pettus had broken down over Pettus's demand that Attorney Kirk file certain motions and raise certain arguments over Kirk's advice to the contrary (Motion to Withdraw, State Court Record, ECF No. 23, Ex. 36). Kirk's Motion to Withdraw was granted (*Id.* at Ex. 37) and Attorney James Anzelmo, who continues to represent Pettus in this habeas corpus proceeding, was retained rather than appointed to take over the appeal. *Id.* at Ex. 37. The First District decided the direct appeal on May 24, 2019. *Id.* at Ex. 41. Then on August 22, 2019, Pettus filed, through Attorney Anzelmo, his 26(B) Application. *Id.* at Ex. 57.[1]

Petitioner's 26(B) Application lists as assignments of error omitted as the result of ineffective assistance of appellate counsel the following:

> **First:** Pettus' was denied his right to a preliminary hearing, in violation of his rights to equal protection under the federal and state constitutions.
>
> **Second:** Pettus was denied his right to hire private counsel, in violation of his rights under the Sixth Amendment to the United States Constitution.

(*Id.* at PageID 781-822).

---

[1] August 22, 2019, was the ninetieth day after journalization of the appellate judgment and thus the last day on which a 26(B) application could be filed. App. R. 26(B)(1).

On May 29, 2020, Pettus moved the First District Court of Appeals to "proceed to judgment" on his 26(B) Application. (State Court Record, ECF No. 23-1, Ex. 67). The Motion contains no mention of Pettus's theory, adumbrated in the instant Motion to Reconsider, that an appellate court in considering a 26(B) application is required to follow additional steps.

Six days later on June 4, 2020, without waiting for the First District to react to his Motion to Proceed to Judgment, Pettus *pro se* filed a complaint for an emergency writ of procedendo in the Supreme Court of Ohio to compel the First District to decide his 26(B) Application. *Id.* at Ex. 68. He asserted procedendo was appropriate because the First District had "unnecessarily delayed" "substantive review" of the 26(B) Application. *Id.* at PageID 877. The judges of the First District moved to dismiss the Complaint in Procedendo on grounds that ten months was not an unnecessarily long period of time in light of the Supreme Court's on Tolling Order because of the COVID-19 pandemic and the fact that Pettus had a pending jurisdictional appeal before the Supreme Court of Ohio which had not yet been decided. *Id.* at Ex. 77. The Supreme Court then dismissed the procedendo complaint. *Id.* at Ex. 78. Two months later it denied reconsideration of that dismissal. *Id.* at Ex.79.

Then on December 23, 2020, the First District denied the 26(B) Application. *State v. Pettus,* Appeal No. 170712 (1st Dist. Dec. 23, 2020)(unreported; copy at State Court Record, ECF No. 46, Ex. 80). Pettus did not file a motion for reconsideration in the First District, on his process claim, but instead appealed to the Supreme Court of Ohio raising three propositions of law, to wit, the two omitted assignments of error he had raised in the 26(B) Application itself and the further claim that

> App.R. 26(B) requires an appellate court to allow merit briefs and oral argument from the parties on issues raised in an application to reopen an appeal before it addresses the merits of the issues rather

> than denying the application outright without an opportunity for
> briefing and oral argument.

(First Proposition of Law, Memorandum in Support of Jurisdiction, State Court Record, ECF No.

46, Ex. 82, PageID 2276).  The Supreme Court of Ohio did not decide this or the other claims on

the merits, but declined to accept appellate jurisdiction. *(*Entry, State Court Record 46, Ex. 83).

# Analysis

Based on the foregoing litigation history, Pettus's renewed request for an evidentiary

hearing is denied for the following reasons.

## Petitioner's Claim About Appellate Process is Not Pleaded as a Ground for Relief

The Petition in this habeas corpus case pleads six grounds for relief (ECF No. 1, PageID

6-7)[2].  In none of those Grounds for Relief does Pettus ever make the claim he now makes, to wit,

that the failure of the First District to follow App. R. 26(B) as Pettus interprets it violated his rights

to due process and equal protection (the "Appellate Process Claim").  If Pettus were seeking relief

from his conviction on the ground that the First District denied his constitutional rights in the

manner in which it decided his 26(B) Application, he would at the very least have to plead that as

a ground for relief.  He cannot inject that constitutional claim into the case at this stage by including

it in a motion for reconsideration.  *Jalowiec v. Bradshaw*, 657 F.3d 293 (6th Cir. 2011), *citing Tyler

v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005).  Simply put, a habeas court does not decide claims

---

[2] Ground Six was later voluntarily dismissed (ECF No. 36).

that are not pleaded.


**The Appellate Process Claim Was Not Fairly Presented to the Supreme Court of Ohio and is Therefore Procedurally Defaulted**

Pettus now claims that he was denied due process and equal protection by the First District's failure to follow App. R. 26(B) as correctly understood. However, he did not present his Appellate Process Claim to the Supreme Court of Ohio as a federal constitutional claim. His argument on this point in his Memorandum in Support of Jurisdiction reads:

> This case is an example of an appellate court failing to allow additional briefing and oral argument before reaching the merits of an App.R. 26(B) application, as that rule requires. See *State v. Simpson*, 2020-Ohio-6719, ¶ 29 (Fischer, concurring) (recognizing that review of applications for reopening under App.R. 26(B) has evolved from reviewing for genuine issues that could have been argued on appeal to reviewing the merits of those issues.) Appellate courts are in need of guidance on that issue. In fact, in a concurring opinion in *Simpson*, this Court was urged to accept the issue for review when ripe for consideration. See Simpson, ¶ 29 (Fischer, concurring).
>
> This case gives the Court an opportunity to provide guidance on App.R. 26(B) applications and to clarify that App.R. 26(B) requires briefing and oral argument before an appellate court reaches the merits of an application to reopen an appeal.

(State Court Record, ECF No. 46, Ex. 82, PageID 2278). Later in the Memorandum he argues, in language he repeats here in his Motion for Reconsideration, his own interpretation of the 26(B) procedure. *Id.* at PageID 2282-83. Nowhere in the Memorandum does he cite any Ohio case authority that agrees with his interpretation. Much less does he make any claim that the procedure he advocates is compelled by the Due Process or Equal Protection Clause.

Pettus's sole citation of law in his Memorandum in Support of Jurisdiction it to *State v. Simpson*, 2020-Ohio-6719 (Ohio S.Ct. Dec. 18, 2020). In that case the Supreme Court of Ohio

declined to require Ohio appellate courts, in deciding ineffective assistance of appellate counsel claims, to apply the factors set out in *Mapes v. Tate*, 388 F.3d 187 (6th Cir. 2004), and reiterated its adherence to the standard in *Strickland v. Washington,* 466 U.S. 668 (1984).  Because the Ohio Twelfth District Court of Appeals had applied properly *Strickland*, its denial of Simpson's 26(B) application was affirmed.  *Simpson* at ¶ 22.

The only discussion of the procedure to be followed under 26(B), as opposed to the standard to be applied, is in Justice Fischer's concurring opinion.  He notes a comment in the Ohio Public Defender's amicus brief that "review of applications for reopening under App.R. 26(B) has evolved from reviewing for genuine issues that could have been argued on appeal to reviewing the merits of those issues."  He opined "While that issue is beyond the scope of this appeal, I agree that appellate courts are likely in need of further guidance from this court on that issue. Thus, moving forward, I would encourage my colleagues on this court to accept for review cases pertaining to applications to reopen an appeal under App.R. 26(B)." *Id.* at ¶ 29.  He did not suggest what guidance should be given, much less adopt Pettus's interpretation, much less suggest that such an interpretation was constitutionally compelled.

To preserve a federal constitutional claim for presentation in habeas corpus, the claim must be "fairly presented" to the state courts in a way which provides them with an opportunity to remedy the asserted constitutional violation, including presenting both the legal and factual basis of the claim.  *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir.), *cert. denied,* 509 U.S. 907 (1993), overruled in part on other grounds by *Thompson v. Keohane,* 516 U.S. 99 (1995); *Riggins v. McMackin,* 935 F.2d 790, 792 (6th Cir. 1991). The claim must be fairly presented at every stage of the state appellate process. *Wagner v. Smith,* 581 F.3d 410, 418 (6th Cir. 2009).

A claim is fairly presented if the petitioner

> (1) relied upon federal cases employing constitutional analysis; (2) relied upon state cases employing federal constitutional analysis; (3) phrased the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleged facts well within the mainstream of constitutional law.

*Hand v. Houk*, 871 F.3d 390, 418 (6th Cir. 2017).

"Federal courts do not have jurisdiction to consider a claim in a habeas petition that was not 'fairly presented' to the state courts." *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2004); accord, *Jacobs v. Mohr*, 265 F.3d 407, 415 (6th Cir. 2001); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 674, 681 (6th Cir. 2000); *Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006); *Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004).

Pettus did not fairly present his Appellate Process Claim to the Supreme Court of Ohio as a constitutional claim. It may be that, on consideration, they would adopt his reading as an appropriate interpretation of App. R. 26(B) or amend the rule to make the process clearer. But they have not done so. Indeed, in declining jurisdiction over Pettus's 26(B) appeal, they missed an opportunity that Justice Fischer had suggested only four months earlier they should take. But they certainly did not decide, and were not fairly presented with a chance to decide, the Appellate Process Claim Pettus asks this Court to decide.

**Whether Ohio Appellate Courts Are Constitutionally Mandated to Apply App. R. 26(B) as Pettus Interprets It Is a Question of Law Not Requiring the Taking of Evidence**

The question of whether the process used by the First District to decide Pettus's Application for Reopening is prohibited by either by the Due Process Clause or the Equal

Protection Clause is a question of law on which the evidence proposed by Pettus is not relevant.

As the Magistrate Judge understands it, Pettus claims the First District misinterpreted Rule 26(B)[3].  In interpreting a statute, a court should:

> 1. Decide what purpose ought to be attributed to the statute and to any subordinate provision of it which may be involved; and then
>
> 2. Interpret the words of the statute immediately in question so as to carry out the purpose as best it can, making sure, however, that it does not give the words either (a) a meaning they will not bear, or (b) a meaning which would violate any established policy of clear statement.

Hart and Sacks, THE LEGAL PROCESS (Eskridge & Frickey ed. 1994), p. 1169.  Rule 26(B) was adopted by the Ohio Supreme Court sitting as a rule-making body under the Modern Courts Amendment and the same process of interpretation ought to be applied.  "It is one of the surest indexes of a mature and developed jurisprudence not to make a fortress out of the dictionary; but to remember that statutes [and court-legislated rules] always have some purpose or object to accomplish, whose sympathetic and imaginative discovery is the surest guide to their meaning." *Cabell v. Markham*, 148 F.2d 737, 739 (2nd Cir. 1945)(L. Hand, J.).  The correct meaning of Rule 26(B) can and should be argued on this basis; none of the evidence sought to be offered has any bearing on the correct interpretation.

The same thing is true of the constitutional dimension of the Appellate Process Claim.  If the Constitution demands the reading Pettus proposes, that will be shown by case authority from the United States Supreme Court, not by the testimony and documents he offers.

---

[3] Although its interpretation is apparently consistent with the trend noted by the Ohio Public Defender as amicus curiae in *Simpson*.

**Petitioner Has Not Shown Good Cause for His Failure to Develop the Factual Basis of the Appellate Process Claim in the State Court**

In order to obtain an evidentiary hearing in federal court on a claim on which he has not fully developed the factual basis in state court, a habeas corpus petitioner must show cause and prejudice under *Wainwright v. Sykes*, 433 U.S. 72, 86-87 (1977)*. Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992). The Supreme Court of Ohio did not decide the Appellate Process Claim on the merits. Instead, it declined to exercise its jurisdiction. But that does not mean Pettus is entitled to a trial on the merits in federal court. Instead, assuming the proffered evidence is relevant to the Appellate Process Claim, Petitioner must show good cause for his failure to present that evidence to the First District.

Of course, it is impossible for this Court to discern the possible relevance of the proffered evidence because Petitioner has not told the Court what testimony he expects to elicit from Luwana Oglesby or Roger Kirk or described the content of "printed email communication with the ineffective appellate attorney [Kirk], and DRC's JPay communications." The same opacity observation applies whether this evidence is offered in support of Ground Five or the Appellate Process Claim. Even if an evidentiary hearing is not barred by *Cullen v. Pinholster*, 563 U.S. 170 (2011), a habeas petitioner is not entitled to an evidentiary hearing as a matter of course. If Ms. Oglesby and Attorney Kirk have favorable testimony to offer, it should first be offered by way of affidavit so Respondent can decide if cross-examination is warranted. If they are expected to be hostile, Petitioner should seek leave to depose them. If the documentary evidence is relevant, it should be tendered with a motion to expand the record. This approach is far more conducive to judicial economy than scheduling an in-court hearing and exercising the subpoena power to compel witnesses to attend just to find out in the first instance what the witnesses will testify to

and what the documents show.

**Conclusion**

Having reconsidered the matter, the Magistrate Judge again denies Petitioner's request for an evidentiary hearing.

In the last decision denying an evidentiary hearing, the Magistrate Judge wrote "With this Decision, the Magistrate Judge considers the Petition ripe for consideration on the merits. If either party believes further proceedings are necessary to render the case ripe, they must notify the Court forthwith." (ECF No. 52, PageID 2486). The Motion to Reconsider of course notifies the Court that Petitioner believes that at least the additional proceeding of an evidentiary hearing is necessary before the case is ripe. The Magistrate Judge notes for the parties' benefit that either party may object to the instant decision under Fed.R.Civ.P. 72(a). Any such objections would be for District Judge Barrett's consideration. If objections are filed and in order to respect the parties' right to have those objections considered by an Article III judge, the Magistrate Judge will not proceed to consider the merits of the case until Judge Barrett has ruled on any such objections. This observation is offered in light of Petitioner's continued representation that this is an "emergency"[4] matter.

June 21, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge

---

[4] Petitioner offers no explanation of why his case presents an emergency or what the nature of that emergency is. Unlike 99% of habeas petitioners, Pettus is no longer confined in Respondent's custody but has been judicially released.