**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

LASHAWN R. PETTUS,

                Petitioner,        :     Case No. 1:20-cv-187

    - vs -                          District Judge Michael R. Barrett
                                      Magistrate Judge Michael R. Merz

WARDEN,
  Franklin Medical Center,

                                     :
                Respondent.

---

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

---

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 60) to the Magistrate Judge's Report and Recommendations recommending dismissal of the Petition (the "Report," ECF No. 59). District Judge Barrett has recommitted the case for reconsideration in light of the Objections (ECF No. 61).

## Analysis

**Ground One: Denial of Equal Protection by Denial of Preliminary Hearing**

In his First Ground for Relief, Petitioner asserts he was denied equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution when he was denied a preliminary hearing before being indicted.

1

The Warden asserted this Ground for Relief was procedurally defaulted by failure to include it as an assignment of error on direct appeal.  Pettus admits it was not thus presented, but claims it was ineffective assistance of appellate counsel to fail to do so.  Pettus properly preserved this ineffective assistance of appellate counsel claim by presenting it in his Application for Reopening under Ohio R. App. P. 26(B).

The Report concluded First District Court of Appeals had decided that ineffective assistance of appellate counsel claim on the merits, applying the correct federal standard under *Strickland v. Washington,* 466 U.S. 668 (1984).  The decision was therefore entitled to deference under 28 U.S.C. § 2254(d)(1).  Because Pettus had not established ineffective assistance of appellate counsel to excuse not presenting this claim on direct appeal, the Report recommended dismissing Ground One as procedurally defaulted.

Pettus objects that the First District's decision is not entitled to deference.  However, he provides no argument to show why the First District's application of *Strickland* was unreasonable.  Instead, he claims it is not entitled to deference because the Fist District "deviated from its procedures" under Rule 26(B) and therefore "could not make a reasonable determination of the facts in light of the evidence presented in the state court proceeding, as required for the entitlement of deference.  See 2254(d)(2)." (Objections, ECF No. 60, PageID 2569-70).

This objection is without merit for a number of reasons.  First of all, it depends on Pettus's own interpretation of what process is required under Rule 26(B).  No Ohio court has adopted his position that the merits of a 26(B) application cannot be properly decided without a two-step briefing process.

Second, Pettus makes no argument about what facts in the state court record support his position that the First District's decision is unreasonable on the facts.  The only factual findings

that court made relative to the 26(B) application were facts about what had been filed in the trial court and when, findings which are demonstrably accurate from examination of the State Court Record as filed in this case (See ECF No. 23 & 46).

The Report also found the equal protection claim procedurally defaulted because it was first raised in an untimely motion to dismiss. Common Pleas Judge Metz, the trial judge in this case, denied this motion because it was untimely under Ohio R. Crim. P. 12(D)(Entry, State Court Record, ECF No. 23, Ex. 16). The Report concluded Rule 12(D) was an adequate and independent state procedural rule which had been enforced against Pettus. Therefore the equal protection claim was procedurally defaulted on this basis as well (Report, ECF No. 59, PageID 2543). Pettus makes no objection to this procedural default analysis.

Alternatively, the Report recommended dismissing Ground One on the merits (Report, ECF No. 59, PageID 2543, *et seq.*). It is correct, as Pettus asserts, that under Ohio law persons who are indicted do not get a preliminary hearing; the same is true under federal law (Compare, Ohio R. Crim. P. 5(B)(1) with Fed. R. Crim. P. 5.1(a)(2)). The Report concluded dividing persons charged with felonies in this way was indeed "state action" and thus subject to consideration under the Equal Protection Clause.

The Report then selected the so-called "rational basis" test for evaluating this distinction:

> Pettus does not claim he was denied a preliminary hearing on any basis other than literal application of Crim. R. 5. That is, he does not claim that this classification of felony defendants is on some invidious basis such as race, ethnicity, color, gender, or national origin. Under those circumstances, Supreme Court precedent requires the courts to find whether or not there is a rational basis for the classification.

(Report, ECF No. 59, PageID 2544).

Pettus objects, specifically referring to this finding in the Report, "to the magistrate's

3

analysis, in Ground One, that Pettus did not assert a violation of equal protection, **based on race**, for a denial of a preliminary hearing.  Conversely, Pettus did contend in his petition that African Americans have been systematically denied the right to a preliminary hearing." (Objections, ECF No. 60, PageID 2566, emphasis added).  However, Ground One of the Petition reads *verbatim* as follows:

> **GROUND ONE**: Violation of Equal Protection Clause: Pettus was denied his right to a preliminary hearing prior to his indictment;
>
> **Supporting Facts**: Petitioner was denied the right to a preliminary hearing by the State with its use a loophole in Ohio's Crim.R. 5(B), while other similarly situated defendants in Ohio were in fact permitted the right to have preliminary hearings.

(Petition, ECF No. 1, PageID 6).  Ground One contains absolutely no mention of race or racial discrimination at all. When Pettus first made his equal protection claim in his Motion to Dismiss, he made no mention of race or racial discrimination (Motion, State Court Record, ECF No. 23, Ex. 14).  In his 26(B) Application when he presented this claim to the First District as an omitted assignment of error, he wrote "Pettus' was denied his right to a preliminary hearing, in violation of his rights to equal protection under the federal and state constitutions."  (Application, State Court Record, ECF No. 23, Ex. 27, PageID 781).  Both the Assignment and the accompanying text never mention race or racial discrimination.

Thus the first time Pettus makes a claim that he was denied a preliminary hearing on the basis of his race is in his Objections.  A habeas petitioner may not raise a new claim in a traverse or reply, much less in a set of objections.  *Jalowiec v. Bradshaw*, 657 F.3d 293 (6th Cir. 2011), *citing Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005).  If Pettus were to seek to amend his Petition to claim he was denied a preliminary hearing on the basis of his race, the motion to amend would be denied as futile because barred by procedural default (never presented to the state courts)

4

and the statute of limitations.  See 28 U.S.C. § 2242 and *Foman v. Davis*, 371 U.S. 178 (1962).

Pettus objects to application of the rational basis standard of scrutiny for his equal protection claim (Objections, ECF No. 60, PageID 2566-67).  If the Court were to find Ohio R. Crim. P. 5 was racially discriminatory, it would indeed be required to apply strict scrutiny. *Johnson v. California*, 543 U.S. 499 (2005).  But no such finding is supported by the record.

Pettus also argues strict scrutiny is required because Ohio R. Crim. P. 5 "touches on fundamental interests":

> Furthermore, the decision to apply an indictment versus a preliminary hearing touches on fundamental interests, such as the right to counsel, the right to confront witnesses, and the right to present evidence. See e.g. *Coleman v. Alabama,* 399 U.S. 1 (1970). For this additional reason, strict scrutiny analysis applies. See *Obergefell v. Hodges*, [576 U.S. 644], 135 S.Ct. 2584 (2015).

(Objections, ECF No. 60, PageID 2567).

The *Obergefell* Court did not reach its conclusion by applying a strict scrutiny test under the Equal Protection Clause, but rather by finding that the right to marry was a fundamental right protected by the substantive branch of the Due Process Clause.

The petitioners in *Coleman* complained that the preliminary hearing stage of their felony prosecutions was a "critical stage" of the proceedings at which they were entitled to appointed counsel.  The case produced no majority opinion, but the plurality opinion by Justice Brennan held that the preliminary hearing in Alabama jurisprudence was a critical stage at which defendants were entitled to counsel.  The analysis was entirely under the Sixth Amendment; no mention is made of strict scrutiny or the Equal Protection Clause.  Alabama practice, like that of Ohio and the federal courts, did not require a preliminary hearing, but permitted the prosecutor to seek an indictment directly from the grand jury.  399 U.S. at 8.

Thus no case cited by Petitioner or independently known to the Magistrate Judge holds

there is a constitutional right to a preliminary hearing at all, despite the fact that it may be advantageous to the defendant.

Applying rational basis scrutiny to Pettus's First Ground for Relief, the Report concluded the distinction in allowing preliminary hearings between those who have been and those who have not been indicted is rational.  Pettus does not object to this analysis, claiming instead that strict scrutiny is required.

Having reconsidered Ground One in light of the Objections, the Magistrate Judge remains persuaded that that Ground for Relief is both procedurally defaulted on two bases and without merit.

**Ground Two: Denial of Right to Counsel of Choice**

In his Second Ground for Relief, Pettus claims he was denied the right to be represented by trial counsel of his choice.

Respondent asserted this claim was procedurally defaulted on the same basis as Ground One and the Magistrate Judge agreed (Report, ECF No. 59, PageID 2548).  The Report also concluded that the First District's alternative decision on the merits of this claim was entitled to deference. *Id.* at PageID 2548-51.

Pettus objects that he was not really given a chance to hire counsel of choice, quoting a limited excerpt from his dialogue with the trial judge (Objections, ECF No. 60, PageID 2570).  He does nothing to rebut the Report's finding that he never tendered an entry of appearance from his chosen counsel and does not claim that he ever paid her retainer.

Accordingly, the Magistrate Judge again recommends Ground Two be dismissed with

6

prejudice.

**Ground Three: Violation of the Double Jeopardy Clause**

In his Third Ground for Relief, Pettus claims his theft and forgery convictions should have

been merged under Ohio Revised Code § 2941.25 and that failure to do so violates his rights under

the Double Jeopardy Clause.

The Report noted that this claim had been raised on direct appeal.  The First District

decided that the offenses Pettus claimed should be merged were in fact committed separately from

one another and therefore were not allied offenses subject to merger under Ohio Revised Code §

2941.25, applying governing precedent, *State v. Ruff*, 143 Ohio St. 3d 114 (2015).  Pettus agrees

*Ruff* is the controlling precedent, but disagrees with the First District's interpretation of that case.

Relying on circuit precedent, the Report concluded an Ohio court of appeals decision of a double

jeopardy claim which is limited to the application of Ohio Rev. Code § 2941.25 is entirely

dispositive of the federal double jeopardy claim (Report, ECF No. 59, PageID 2556, citing *Jackson*

*v. Smith*, 745 F.3d 206, 210 (6th Cir. 2014)).

Pettus objects, citing only Ohio case law that precedes *State v. Ruff*.  However, even if this

Court found conflicts between the First District's decision in this case and other Ohio appellate

decisions, it would be bound by the First District's decision in this case.  *Bradshaw v. Richey*, 546

U.S. 74 (2005).

**Ground Four: Violation of the Due Process and Equal Protection Clause by Refusal to Permit Pettus to File a Pro Se Supplemental Brief on Appeal**

When his first appellate attorney did not include Pettus's preliminary hearing and counsel of choice assignments of error in the appellate brief, Pettus sought to file a supplemental brief *pro se* raising those issues (State Court Record, ECF No. 23, Exs. 31 & 33). The State opposed the motion on grounds that hybrid representation is not permitted in Ohio courts, *Id*. Ex. 33, citing *State v. Martin,* 103 Ohio St.3d 385 (2004), paragraph one of the syllabus.

The Report agreed with Respondent that this claim was procedurally defaulted because it had never been fairly presented to the state courts as a constitutional claim (Report, ECF No. 59, PageID 2558-59). Alternatively the Report concluded the claim was without merit because there is no constitutional right to hybrid representation. *Id.* at PageID 2559-61.

Pettus objects by pointing out that some Ohio appellate courts have allowed *pro se* briefs in some cases, pursuant to the discretion reserved in Ohio R. App. P. 15(B) and (C). But a reservation of discretion to allow a *pro se* brief does not mean, as Pettus argues, that everyone who seeks leave to file a supplemental *pro se* brief is "entitled" to file one. Pettus asserts in conclusory fashion that Ohio courts deprived him "of both his rights to due process of the law and equal protection of the law when it denied him the state-created right to file a pro se brief to supplement his counsel, while allowing other defendants this right." (Objections, ECF No. 60, PageID 2572-73). But merely asserting that something is a right does not make it do.

**Ground Five: Ineffective Assistance of Appellate Counsel**

In his Fifth Ground for Relief, Pettus claims he received ineffective assistance of appellate

counsel. This claim is analyzed above in dealing with Pettus's reliance on ineffective assistance of appellate counsel to excuse procedural default of his first two Grounds for Relief. Pettus objects, but merely incorporates his prior arguments (Objections, ECF No. 60, PageID 2573). No further analysis is required.

## Certificate of Appealability

The Report recommended denial of a certificate of appealability. Pettus objects that because the Report was thirty-two pages long, there must be reasonable jurists who would disagree (Objections, ECF No. 60, PageID 2573). However, he cites no jurist who has disagreed with any of the conclusions the Report reached.

## Conclusion

Having reconsidered the case in light of the Objections, the Magistrate Judge again respectfully recommends that it be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

August 20, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #