## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| LaShawn R. Pettus,[1] | ) |
| | ) |
| Petitioner, | ) Case No.: 1:20-cv-00187 |
| | ) |
| vs. | ) Judge Michael R. Barrett |
| | ) |
| Warden, Franklin Medical Center, | ) |
| | ) |
| Respondent. | ) |
| | ) |
| | ) |

## ORDER

This matter is before the Court on the August 2, 2021 Report and Recommendations (Doc. 56), as well as the August 20, 2021 Supplemental Report and Recommendations (Doc. 62), issued by the Magistrate Judge.[2]

## I.    BACKGROUND

On October 21, 2016, a Hamilton County, Ohio grand jury indicted LaShawn Pettus on twelve counts of forgery (in violation of Ohio Rev. Code § 2913.31(A)(3)) and four counts of theft (in violation of Ohio Rev. Code § 2913.02(A)(3)).  (State Court Record, Doc. 23 (Exh. 1)).  All individual counts of theft were aggregated and charged as a single

---

[1] Petitioner was released from prison (pursuant to Ohio Rev. Code § 2929.20) on February 1, 2021 and placed on community control, "with intensive supervision," for a period of five years.  (Docs. 37, 37-1, 38).  Respondent does not challenge "custody" for purposes of habeas corpus jurisdiction.  *See generally Corridore v. Washington*, 71 F.4th 491, 493–96 (6th Cir. 2023) (noting that the Supreme Court has broadened the conception of "in custody" to include petitioners on parole).

[2] The parties were given proper notice under Fed. R. Civ. P. 72(b), including notice that they would forfeit rights on appeal if they failed to file objections to the R&R in a timely manner.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019).  Petitioner filed timely objections (Docs. 60, 63) to both R&Rs.

offense pursuant to Ohio Rev. Code § 2913.61(C)(1).  (Id.).  Pettus' case was tried to the bench.  (State Court Record, Doc. 23 (Exh. 21)).  The trial court dismissed one of the forgery counts (for lack of jurisdiction) and found Pettus guilty of all remaining offenses. (State Court Record, Doc. 23 (Exhs. 22, 23)).  He received an aggregate sentence of 60 months of imprisonment. (State Court Record, Doc. 23 (Exh. 27)).[3]

Pettus appealed.  (State Court Record, Doc. 23 (Exh. 29)).  On May 24, 2019, the Ohio First District Court of Appeals determined that the trial court erred in imposing consecutive sentences without making the required findings at the sentencing hearing and remanded for resentencing.  (State Court Record, Doc. 23 (Exh. 41 (¶¶ 64–69, 84, 85))).[4]  The First District otherwise affirmed the judgment of the trial court.  (Id.).

On August 20, 2019, Pettus filed an application to reopen his direct appeal under Ohio App. R. 26(B)[5], asserting ineffective assistance of appellate counsel because appellate counsel failed to include two additional assignments of error:

1. Pettus' was denied his right to a preliminary hearing, in violation of his rights to equal protection under the federal and state constitutions.

2. Pettus' was denied his right to hire private counsel, in violation of his rights under the Sixth Amendment to the United States Constitution.

---

[3] Pettus also was sentenced to an additional six months of imprisonment, to run consecutive to the 60-month term, because these the offenses were committed while Pettus was on transitional control (at Talbert House) for a prior (and unrelated) conviction.  (State Court Record, Doc. 23 (Exh. 27) PAGEID 392).  *See* Ohio Rev. Code § 2929.141.

[4] *See State v. Bonnell*, 140 Ohio St. 3d 209, 16 N.E.3d 659, syl. & at ¶ 29 (Ohio 2014).

[5] "A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel.  An application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." Ohio App. R. 26(B)(1).

(State Court Record, Doc. 23-1 (Exh. 57)).  The First District denied the application on December 23, 2020.  (State Court Record, Doc. 46 (Exh. 80)).  The Ohio Supreme Court declined to accept jurisdiction of Pettus' appeal on April 13, 2021.  (State Court Record, Doc. 46 (Exh. 83)).

Meanwhile, on March 4, 2020, Petitioner, proceeding *pro se*, filed in this Court his Verified Petition for a Writ of Habeas Corpus.  (Doc. 1).[6]  In it, he asserted six grounds for relief.  (Id. PAGEID 6–7 (¶ 23)).  Counsel subsequently entered an appearance on April 9, 2020.  (Doc. 11).  He later filed a motion to voluntarily dismiss Ground 6 of Petitioner's Petition on February 3, 2021.  (Doc. 32).[7]  These five grounds remain for adjudication:

> **Ground One:**  *Violation of Equal Protection Clause:*  Pettus was denied his right to a preliminary hearing prior to his indictment;

> **Ground Two:**  *Violation of Sixth Amendment:* Pettus has the right to be represented by an otherwise qualified attorney whom that he, as a defendant, can afford to hire;

> **Ground Three:**  *Violation of Double Jeopardy Clause:*  Allied Offenses, R.C. 2941.25:  Forgery and Theft offenses merge when the act of forgery provides the means for which the theft occurs;

> **Ground Four:**  *Violation of Due Process and Equal Protection Clauses:*  Pettus, represented by appointed counsel, is entitled to file, *pro se*, a brief as a supplement to the brief filed by counsel;

> **Ground Five**: *Violation of Sixth Amendment:*  Ineffective Assistance of Appellate Counsel – Counsel was deficient for failing to raise issues that have a "reasonable probability" to be successful[.]

(Doc. 1 PAGEID 6–7 (¶ 23)).

---

[6] As detailed in the Court's July 27, 2021 Order, Petitioner has engaged in extensive motion practice.  (*See* Doc. 58).

[7] Noting that Fed. R. Civ. P. 41(a) speaks of the dismissal of actions—that is, whole cases—as opposed to individual claims, the Magistrate Judge treated the motion as one to amend pursuant to 28 U.S.C. § 2242 and, thus construed, granted the motion.  (*See* Doc. 36).

## II.     STANDARD OF REVIEW

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id*.; *see also* 28 U.S.C. § 636(b)(1).

General objections are insufficient to preserve an issue for review.  "A general objection to the entirety of the magistrate[ judge]'s report has the same effects as would a failure to object."  *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *see Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate[ judge]'s suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."); *Renchen v. Comm'r of Soc. Sec.*, No. 1:13-cv-752, 2015 WL 1097349, at *6 (S.D. Ohio Mar. 11, 2015) (plaintiff's objection "is an almost verbatim recitation of the argument presented to and considered by the Magistrate Judge" and therefore need not be reconsidered) (citing *Howard*, 932 F.2d at 508–09).

## III.     DISCUSSION

**The August 2, 2021 R&R (Doc. 59).**  The August 2, 2021 R&R recommends that all five grounds for relief pled be dismissed with prejudice and that Pettus be denied a certificate of appealability.  The Magistrate Judge's reasoning is summarized below.

4

**Ground One.**  In his first ground for relief, Pettus asserts he was denied equal protection of the laws (as guaranteed by the Fourteenth Amendment to the United States Constitution) when he was denied a preliminary hearing before being indicted.  Because it was not included in the initial brief on direct appeal, a fact Pettus does not contest, the Warden argues that this claim is procedurally defaulted.  Not necessarily so, according to the Magistrate Judge, who explains that Pettus properly preserved it under Ohio law by presenting it in his 26(B) application.[8]  The Magistrate Judge further explains that "[i]f it was ineffective assistance of appellate counsel to omit that claim, then the omission will excuse the procedural default."  (Doc. 59 PAGEID 2536).

Under *Strickland v. Washington*, 466 U.S. 688 (1984), to establish ineffective assistance of counsel, a defendant must show both deficient performance and prejudice. *Berghuis v. Thompkins*, 560 U.S. 370, 389 (2010) (citing *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009)).  The Magistrate Judge concludes that the First District decided the ineffective assistance of appellate counsel claim on the merits when it denied his 26(B) application.   Quoting from that decision, the state appellate court determined that "Appellate counsel was not constitutionally ineffective in failing to assign this matter as error[ ]" . . . because it "presented no prospect for success had it been presented on appeal."[9]  (State Court Record, Doc. 46 (Exh. 80) PAGEID 2270–2271).  The Magistrate

---

[8] *See State v. Davis*, 119 Ohio St. 3d 422, 894 N.E.2d 1221 (Ohio 2008).

[9] As noted by the Magistrate Judge, "§ 2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'"  *Harrington v. Richter*, 562 U.S. 86, 100 (2011).  "Instead, '[w]hen a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the statute court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary.'"  *Brown v. Bobby*, 656 F.3d 325, 329 (6th Cir. 2011) (quoting *Harrington*, 562 U.S. at 99).

Judge further concludes that the First District's decision is entitled to deference under 28 U.S.C. § 2254(d)(1)[10], because it "was not an objectively unreasonable application of *Strickland*." (Doc. 59 PAGEID 2541). Thus, the Magistrate Judge recommends that Ground One be dismissed as procedurally defaulted because Pettus has not established ineffective assistance of appellate counsel to excuse not presenting this claim on direct appeal.

Additionally, Ground One should be dismissed as procedurally defaulted because Pettus failed to timely present his equal protection claim to the trial court. Pettus was indicted on October 21, 2016 and, at the request of the prosecutor, a warrant for his arrest was issued the same day. (State Court Record, Doc. 23 (Exh. 1)). He was later arrested on November 15, 2016 and presented with a copy of the Indictment three days later in open court. (State Court Record, Doc. 23 (Exhs. 3, 14)). On February 16, 2017, Pettus filed with the Hamilton County (Ohio) Court of Common Pleas a "Motion to Dismiss" in which he raised the claim that he "was *never* afforded the privilege of, nor the opportunity to request, a preliminary hearing prior to the issuance of the indictment." (State Court Record, Doc. 23 (Exh. 14) PAGEID 290 (emphasis in original)). Because "[t]he State has afforded these privileges to other defendants in the State of Ohio[,]" but not him, this "is in fact a violation of the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States." (Id.). The trial court denied Pettus' motion because it

---

[10] "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1).

was untimely filed under Ohio Crim. R. 12(D)[11] and, on the merits, presented "no colorable

basis, in law or fact, for dismissal[.]" (State Court Record, Doc. 23 (Exh. 16) PAGEID

298). The trial court explained:

> A preliminary hearing is a procedure conducted by a municipal or county court to determine whether there is probable cause to bind the defendant over to the common pleas court for possible indictment. Where a defendant has already been directly indicted, and is first arrested and arraigned upon an indictment no preliminary hearing is necessary or appropriate. Under Criminal R. 5(A), "[w]hen a defendant first appears before a judge or magistrate, the judge or magistrate … shall inform the defendant: … (4) Of his right to a preliminary hearing in a felony case, when his initial appearance is not pursuant to indictment…."
>
> Because Mr. Pettus was directly indicted in this court, he was not entitled to a preliminary hearing in the Hamilton County Municipal Court. The judge or magistrate had no duty to inform him of a right to a preliminary hearing, because he had none. Had leave to file the motion to dismiss been granted, it lacks merit and would be denied.

(Id.). On these facts, the Magistrate Judge notes that: (1) Ohio has a rule governing the

timing of pretrial motions in felony cases; (2) Pettus breached that rule by filing his motion

to dismiss late; and (3) the trial judge enforced that rule against Pettus. (Doc. 59 PAGEID

2542–2543). He then concludes that Ohio Crim. R. 12(D) is an adequate and

independent procedural rule because it does not discriminate against claims based on

federal law and is necessary to protect the State's interest in trying felony cases promptly.

(Id. PAGEID 2543 (citing Ohio Rev. Code § 2945.71)). Ohio, therefore, "meets the four

requirements for an enforceable procedural default in this instance." (Id. (citing *Maupin*

---

[11] "All pretrial motions except as provided in Crim.R. 7(E) and 16(M) shall be made within thirty-five days after arraignment or seven days before trial, whichever is earlier. The court in the interest of justice may extend the time for making pretrial motions." Ohio Crim. R. 12(D).

*v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986)[12]).  Because Pettus has made no attempt to show excusing "cause and prejudice"[13], his equal protection claim is procedurally defaulted for this reason, too.

It also lacks merit, according to the Magistrate Judge.  Pettus claims he was denied a preliminary hearing based on a "literal application" of Ohio R. Crim. P. 5(B)(1), which provides that, "[i]n felony cases a defendant is entitled to a preliminary hearing unless waived in writing[,] . . . [but a] preliminary hearing shall not be held[     ] if the defendant is indicted."[14]  Because Pettus does not claim that this "classification of felony defendants" is on some "invidious" basis (such as race, ethnicity, color, gender or national origin), the Court must examine whether a rational basis supports it.  (Doc. 59 PAGEID 2544).  And one does:

> Preliminary hearings consume scarce judicial resources: scheduling time, hearing time, and writing time.  Their purpose is to determine if there is probable cause to proceed with a case, but for persons already indicted, that determination has been made by the body with ultimate authority on the question, the grand jury.  Since grand jury indictment is guaranteed to Ohio felony defendants by the Ohio Constitution, it would be more efficient to present every case in the first instance to a grand jury, but preliminary hearing practice has deep roots in English criminal practice and has been part of Ohio and federal criminal practice since the Founding.  But no court to the Magistrate Judge's knowledge and certainly none cited by Petitioner has ever held there was a federal constitutional right to a preliminary hearing.

---

[12] *Accord Hartman v. Bagley*, 492 F.3d 347, 357 (6th Cir. 2007) (quoting *Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002)).

[13] *See Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

[14] The Magistrate Judge agrees with Pettus that "there are tactical advantages to having a preliminary hearing, particularly discovering the witnesses for the State and subjecting them to probing cross-examination."  (Doc. 59 PAGEID 2543–2544).  But, he explains, "'winning' at a preliminary [hearing] (i.e., having the municipal judge find no probable cause) does not conclude the case.  There is no *res judicata* or double jeopardy effect to such a finding and the prosecutor is free to proceed to present the case to a grand jury."  (Id. PAGEID 2544).

(Id. PAGEID 2546).  Because Pettus' equal protection preliminary hearing claim is twice procedurally defaulted and, alternatively, without merit, the Magistrate Judge recommends that it be dismissed with prejudice.

**Ground Two.**  In his second ground for relief, Pettus asserts he was denied the right to be represented in the trial court by counsel of his choice in violation of the Sixth Amendment to the United States Constitution.[15]  The Warden argues, as he did with respect to Ground One, that this claim is procedurally defaulted.  The Magistrate Judge engages in the same analysis as before, noting that Pettus presented this claim to the First District "in the same way he presented the parallel claim as to Ground One" by including it in his 26(B) application.  (Doc. 59 PAGEID 2547).  The Magistrate Judge concludes that the First District "also decided this claim on the merits."  (Id.).  Specifically, the First District made a series of factual findings and determined that Pettus "had given up his right to employ counsel of choice by not exercising it when given the opportunity." (Id. PAGEID 2548).  Quoting (again) from the First District's decision denying Pettus' 26(B) application, "The record shows that Pettus had ample opportunity to retain counsel over the course of the year between his October 2016 indictment and his October 2017 trial.  Therefore, his second proposed assignment of error would have presented no reasonable probability for success had it been advance in the direct appeal."  (State Court Record, Doc. 46 (Exh. 80) PAGEID 2271–2272).  The Magistrate Judge further concludes

---

[15] The Sixth Amendment guarantees a defendant "the right to be represented by an otherwise qualified attorney whom that defendant can afford to hire, or who is willing to represent the defendant even though he is without funds."  *United States v. Gonzalez-Lopez*, 548 U.S. 140, 144 (2006) (cleaned up).

that the First District's decision is entitled to deference under 28 U.S.C. § 2254(d)(1)[16] because it "applied *Strickland* as it is relevant to the appellate context and concluded, as it had with Ground One, that the assignment of error would not have been successful if it had been raised by the first appellate attorney." (Doc. 59 PAGEID 2548).

The Magistrate Judge explains that, under 28 U.S.C. § 2254(d)(2)[17], the Court is bound by the First District's factual conclusion that Pettus forfeited his right to hire counsel of his choice unless Pettus can show that it was an "unreasonable" determination of the facts based on the evidence in the record. (Doc. 59 PAGEID 2548). He cannot, according to the Magistrate Judge. Pettus focuses on the August 30, 2017 hearing on the motion to withdraw by his second appointed counsel, Brian Goldberg. (Id. (citing State Court Record, ECF No. 23-14)). Goldberg explained that he and Pettus disagreed over whether to subpoena certain witnesses for trial. Additionally, Pettus "keeps saying I'm retaining M.J. [Hugan]." (State Court Record, Doc. 23-14 PAGEID 1108–1109). The trial judge, Jerome Metz, noted that Pettus had not yet retained attorney Hugan and, based on his knowledge of her schedule "in general[,] . . . it's probably six months before she can set a trial date." (Id. PAGEID 1110). Judge Metz then gave Pettus two choices:

> [Y]our choices are essentially to go forward with Mr. Goldberg or to appear on [October] 16th to represent yourself. This is your second counsel. You've dismissed one, you've refused one.[18] You have

---

[16] *See supra* note 15.

[17] "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

[18] (State Court Record, Doc. 23 (Exh. 2) PAGEID 222 (Entry Appointing Counsel (Arica Underwood)), (Exh. 3) PAGEID 224 (Notice of Refusal of Attorney)).

delayed this case over and over again and it's not happening again
today.

(Id. PAGEID 1110–1111). "Ample" evidence supports Judge Metz's conclusion, in the
Magistrate Judge's view, because "[s]o far as the record shows, Pettus never paid
M.J.[ Hugan]'s retainer and neither she nor any other retained attorney ever tendered a
substitution of counsel, much less with a representation that the trial could go forward as
scheduled." (Doc. 59 PAGEID 2549). "On the record as it stands," the Magistrate Judge
reflects that "Pettus's choice of Attorney Hugan remains completely hypothetical." (Id.
PAGEID 2560).

**Ground Three.** In his third ground for relief, Pettus asserts that his theft and
forgery convictions should have been merged (pursuant to Ohio Rev. Code § 2941.25) in
violation of the Double Jeopardy Clause of the Fifth Amendment to the United States
Constitution.[19] The Magistrate Judge agrees with Pettus that *State v. Ruff*, 143 Ohio St.
3d 114, 2015-Ohio-995, 34 N.E.3d 892 (Ohio 2015), controls. (Doc. 59 PAGEID 2253–
2254 (citing *Allen v. Warden, Warren Corr. Inst.*, No. 1:19-cv-315, 2020 WL 3642508, at
*4–6 (S.D. Ohio July 6, 2020))). But the Magistrate Judge disagrees with Pettus that the

---

[19] In *Benton v. Maryland*, the Supreme Court held that "the double jeopardy prohibition of the Fifth
Amendment" applies to the States through the Fourteenth Amendment of the United States Constitution.
395 U.S. 784, 794 (1969).

First District incorrectly applied *Ruff*.[20]  Regardless, the First District's interpretation of Ohio law binds this Court on habeas review.  (Id. PAGEID 2555).[21]

As the Magistrate Judge explains, "[a]n Ohio court of appeals decision of a double jeopardy claim which is limited to the application of Ohio Rev. Code § 2941.25 is entirely dispositive of the federal double jeopardy claim."  (Id. PAGEID 2556 (citing *Jackson v. Smith*, 745 F.3d 206, 211 (6th Cir. 2014) ("What determines whether the constitutional prohibition against multiple punishments has been violated is the state legislature's intent concerning punishment.  Specifically, '[w]ith respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended.'") (quoting *Missouri v. Hunter*, 459 U.S. 359, 366 (1983)))).  Because the First District has "definitively" held that he was "properly punished under Ohio law for separate offenses," the Magistrate Judge recommends that Pettus' Double Jeopardy Clause claim be dismissed with prejudice.  (Id. PAGEID 2556).

---

[20] Paragraph three of the syllabus in *Ruff* states: "Under R.C. 2941.25(B), a defendant whose conduct supports multiple offenses may be convicted of all the offenses if any one of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) **the conduct shows that the offenses were committed separately**, or (3) the conduct shows that the offenses were committed with separate animus."  *Ruff*, 34 N.E.3d 892, syl. ¶ 3 (emphasis added).  The First District found that "the offenses of forgery and theft were committed separately." (State Court Record, Doc. 23 (Exh. 41 (¶ 80))).  Pettus does not challenge this finding, but, instead, contends that the offenses were all committed with the same *animus*.  But as the Magistrate Judge explains, "under *Ruff* separate **conduct** is sufficient even if the same **animus** motivates both offenses.  Thus it appears [      ] that the First District has correctly applied *Ruff* to uphold the denial of merger here."  (Doc. 59 PAGEID 2554 (emphasis in original)).

[21] *Railey v. Webb*, 540 F.3d 393, 398 (6th Cir. 2008) ('[W]e do not consider on habeas review a state court's determination of state law.") (citing *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.")).

**Ground Four.**  In his fourth ground for relief, Pettus asserts he was denied due process of law, and equal protection of the laws, (both as guaranteed by the Fourteenth Amendment to the United States Constitution), when he was denied the opportunity to file a *pro se* brief with the First District as a supplement to the brief filed by his appointed appellate counsel.  Pettus wished to add as assignments of error his preliminary hearing and counsel-of-choice claims.

The Magistrate Judge agrees with the Warden that this claim is procedurally defaulted because Pettus did not "fairly present" it as a *constitutional* claim to either the First District or the Ohio Supreme Court.  (Doc. 59 PAGEID 2557–2558).[22]  The Magistrate Judge further agrees with the Warden that, alternatively, this claim is without merit, because there is no constitutional right to hybrid representation.  (Id. PAGEID 2559).[23]

In an effort to side-step the Warden's merits argument, Pettus claims that "this Court has already recognized there is a right to file a *pro se* supplemental brief[.]" (Id. PAGEID 2559).[24]  But the Magistrate Judge explains that Pettus "completely misreads and quotes out of context what Judge Barrett wrote."  (Id.).  "Judge Barrett did not recognize any right to file a *pro se* supplemental appellate brief.  Rather, . . . he recognized that Pettus was **claiming** such a right which Judge Barrett found was unlikely to be

---

[22] *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).

[23] *State v. Taylor*, 98 Ohio St. 3d 27, 2002-Ohio-7017, 781 N.E.2d 72, at ¶ 43 (Ohio 2002) (citing *State v. Thompson*, 33 Ohio St. 3d 1, 6–7, 514 N.E.2d 407, 414 (Ohio 1987) (citing *McKaskle v. Wiggins*, 465 U.S. 168 (1984))).

[24] (*See* Traverse in Support of Writ of Habeas Corpus/Petitioner's Reply to Respondent's Amended Return of Writ, Doc. 51 PAGEID 2480).

recognized when the Court reached the merits of the claim." (Id. PAGEID 2559– 2560 (referring to May 26, 2020 Order, Doc. 22 PAGEID 200) (emphasis in original)). As for Pettus' continued reliance on *State v. Smith*, No. C-080607, 2009 WL 1900428 (Ohio Ct. App. 1st Dist. July 2, 2009), the Magistrate Judge repeats that, "as Judge Barrett previously noted, the *Smith* court was not presented with the question presented here, to wit, whether there is a **right** to file a *pro se* brief. Instead, the *Smith* court noted it had permitted a *pro se* brief and would therefore consider the *pro se* assignments of error." (Id. PAGEID 2560 (emphasis added)). The Magistrate Judge acknowledges that Ohio R. App. P. 16(C) confers "discretion" on a court of appeals to allow additional briefing but makes clear that "it does not **mandate** allowance of such briefing by any party, *pro se* or otherwise." (Id. (emphasis added)). Finally, that another court of appeals allowed *pro se* briefing in a different case[25] is persuasive only if Pettus is similarly situated to the appellant who received the permission he was denied *and* no rational basis supported the distinction between them.

The Magistrate Judge recommends that Ground Four be dismissed with prejudice because Pettus' claim—that he has been denied due process and his right to equal protection of the laws to file a *pro se* supplemental brief—is procedurally defaulted and, alternatively, without merit.

**Ground Five.** In his fifth ground for relief, Pettus asserts that he received ineffective assistance of appellate counsel in violation of the Sixth Amendment to the

---

[25] (*See* Traverse in Support of Writ of Habeas Corpus/Petitioner's Reply to Respondent's Amended Return of Writ, Doc. 51 PAGEID 2480 (citing *State v. Wilson*, 2017-Ohio-5772, 83 N.E.3d 942, at ¶ 26 (Ohio Ct. App. 4th Dist. 2017))).

United States Constitution.  Here, the Magistrate Judge recalls that, "when considering ineffective assistance of appellate counsel as potential cause to excuse the procedural default of Grounds One and Two, the First District decided Pettus's ineffective assistance of appellate counsel claim on the merits when it denied his 26(B) Application."  (Doc. 59 PAGEID 2561).  And "[b]ecause that decision was an objectively reasonable application of *Strickland* [*v. Washington*, 466 U.S. 688 (1984)], it is entitled to deference under 28 U.S.C. § 2254(d)(1)."  (Id. PAGEID 2561–2561).  Thus, the Magistrate Judge recommends that Ground Five be dismissed with prejudice.

**Pettus' Objections to the R&R (Doc. 60).**  Pettus filed timely objections to the August 2, 2021 R&R (Doc. 59), after which the Court recommitted the matter to the Magistrate Judge "with instructions to file a supplemental report analyzing the Objections and making recommendations based on that analysis."  (Doc. 61).  Briefly, as to Ground One, and with regard to whether he procedurally defaulted his claim, Pettus argues that the First District's decision is not entitled to deference under 28 U.S.C. § 2254(d)(1), because it "deviated" from what Ohio R. App. P. 26(B) requires.  (Doc. 60 PAGEID 2568–2569 (citing *State v. Simpson*, 164 Ohio St. 3d 102, 2020-Ohio-6719, 172 N.E.3d 97, at ¶ 29 (Fischer, J., concurring))).  And, having deviated, the First District "could not make a reasonable determination of the facts in light of the evidence presented in the state court proceeding, as required for the entitlement of deference."  (Id. PAGEID 2569–2570).  Primarily, though, Pettus objects to the Magistrate Judge's determination that he did not assert a violation of equal protection based on race, which would trigger a strict scrutiny (versus rational basis) analysis.  As to Ground Two, Pettus objects to the Magistrate Judge's determination that his choice-of-counsel claim lacks merit because it was

"hypothetical". As to the remaining Grounds, Pettus reprises the same arguments, largely word-for-word, that his counsel included in his Traverse/Reply. (*Cf.* Doc. 60 PAGEID 2570–2571 *with* Doc. 51 PAGEID 2478–2479 (Ground Three); *cf.* Doc. 60 PAGEID 2572–2573 *with* Doc. 51 PAGEID 2480–2481 (Ground Four); *cf.* Doc. 60 PAGEID 2573 *with* Doc. 51 PAGEID 2481–2482 (Ground Five)). Pettus also objects to the recommendation that he be denied a certificate of appealability because the Magistrate Judge's report is thirty-two pages long. (Doc. 60 PAGEID 2573).

**The August 20, 2021 Supplemental R&R (Doc. 62).** The August 20, 2021 Supplemental R&R recommends (again) that all five grounds for relief pled be dismissed with prejudice and that Pettus be denied a certificate of appealability.

**Ground One.** The original R&R recommends that Pettus' equal protection preliminary hearing claim be dismissed because it is twice procedurally defaulted: first, because Pettus did not establish ineffective assistance of appellate counsel to excuse not presenting this claim on direct appeal and, second, because Pettus failed to timely present his claim to the trial court. Pettus takes issue (only) with the first procedural default analysis. The Magistrate Judge finds this objection to be without merit, because it turns solely on Pettus's "own interpretation of what process is required under Rule 26(B)." (Doc. 62 PAGEID 2577 ("No Ohio court has adopted his position that the merits of a 26(B) application cannot be properly decided without a two-step briefing process.")). Also, Pettus does not identify which "facts" in the record support his position that the First District's decision is unreasonable and the Magistrate Judge is aware of none.

The original R&R alternatively recommends that Pettus' equal protection preliminary hearing claim be dismissed because it is without merit. Ohio R. Crim. P.

5(B)(1) provides that a felony defendant is entitled to a preliminary hearing, unless he is indicted by the grand jury.  A rational basis supports this distinction between felony defendants, because "[p]reliminary hearings consume scarce judicial resources: scheduling time, hearing time, and writing time."  (Doc. 59 PAGEID 2546).  Pettus objects, insisting that this disparity should be subject to strict scrutiny review.  (Doc. 60 PAGEID 2566 ("Pettus **did** contend in his petition that African Americas have been systematically denied the right to a preliminary hearing.") (emphasis added)).[26]  Not so, the Magistrate Judge explains:

> Ground One contains absolutely no mention of race or racial discrimination at all.  When Pettus first made his equal protection claim in his Motion to Dismiss, he made no mention of race or racial discrimination[.]  (Motion, State Court Record, ECF No. 23, Ex. 14). In his 26(B) Application when he presented this claim to the First District as an omitted assignment of error, he wrote "Pettus' was denied his right to a preliminary hearing, in violation of his rights to equal protection under the federal and state constitutions." (Application, State Court Record, ECF No. 23, Ex. 27, PageID 781). Both the Assignment and the accompanying text never mention race or racial discrimination.

(Doc. 62 PAGEID 2579).  "Thus, the first time Pettus makes a claim that he was denied a preliminary hearing on the basis of his race is in his Objections."  (Id.).  This objection fails, because "[a] habeas petitioner may not raise a new claim in a traverse or reply,

---

[26] (Doc. 60 PAGEID 2566 ("Disparate treatment, based on race, require[s] a strict scrutiny analysis in order for the disparate treatment to pass constitutional muster.  *Johnson v. California*, 125 S.Ct. 1141 (2005).")).

much less in a set of objections."  (Id. (citing *Jalowiec v. Bradshaw*, 657 F.3d 293, 311–12 (6th Cir. 2011) (citing *Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005)))).[27]

As to Pettus' additional argument that a strict scrutiny analysis is required because Rule 5(B)(1) "touches on fundamental interests[,]" the Magistrate Judge distinguishes the cases he cites in support.  (Doc. 62 PAGEID 2580–2581 (the analysis in *Coleman v. Alabama*, 399 U.S. 1 (1970) "was entirely under the Sixth Amendment; no mention is made of strict scrutiny or the Equal Protection Clause") & (the Court in *Obergefell v. Hodges*, 576 U.S. 644 (2015) "did not reach its conclusion by applying a strict scrutiny test under the Equal Protection Clause, but rather by finding that the right to marry was a fundamental right protected by the substantive branch of the Due Process Clause")).

No case cited by Pettus, or independently known by the Magistrate Judge, holds that "there is a constitutional right to a preliminary hearing at all, despite the fact that it may be advantageous to the defendant."  (Doc. 62 PAGEID 2581).  The Magistrate Judge remains convinced that a rational basis (and not strict scrutiny) analysis is warranted.  He renews his recommendation that Ground One be dismissed with prejudice.

**Ground Two.**   The original R&R recommends that Pettus' claim that his Sixth Amendment right to retain counsel of his choice be dismissed because it is procedurally defaulted.  Like his equal protection preliminary hearing claim, Pettus has not established ineffective assistance of appellate counsel to excuse not presenting this claim on direct appeal.   The First District's conclusion that Pettus had "ample opportunity to retain

---

[27] The Magistrate Judge notes that, if Pettus were to seek leave to amend his petition, his motion "would be denied as futile because barred by procedural default (never presented to the state courts) and the statute of limitations."  (Doc. 62 PAGEID 2579–2580).

counsel of choice, opportunity which he did not exercise," is supported by facts in the record and is thus entitled to deference under 28 U.S.C. 2254(d).  (Doc. 62 PAGEID 2581).  Pettus objects, but "[h]e does nothing to rebut the Report's finding that he never tendered an entry of appearance from his chosen counsel and does not claim that he ever paid her retainer."  (Id.).  The Magistrate Judge renews his recommendation that Ground Two be dismissed with prejudice.

**Ground Three.**  The original R&R recommends that Pettus' Double Jeopardy Clause claim be dismissed with prejudice.  The Magistrate Judge reaffirms that *State v. Ruff*, 143 Ohio St. 3d 114, 2015-Ohio-995, 34 N.E.3d 892 (Ohio 2015) controls and notes that the cases Pettus cites predate *Ruff*.   Regardless, the Magistrate Judge reiterates that, under circuit precedent, "an Ohio court of appeals decision of a double jeopardy claim which is limited to the application of Ohio Rev. Code § 2941.25 is **entirely dispositive** of the federal double jeopardy claim[.]"   (Doc. 62 PAGEID 2582 (citing *Jackson v. Smith*, 745 F.3d 206, 210 (6th Cir. 2014) (emphasis added))).

**Ground Four.**  The original R&R recommends that Pettus' due process and equal protection clause claim be dismissed as procedurally defaulted because he did not "fairly present" it to the First District or the Ohio Supreme Court as a constitutional claim.  Alternatively, it should be dismissed on the merits because there is no constitutional right to hybrid representation.   The Magistrate Judge repeats his observation that "a reservation of discretion to allow a *pro se* brief does not mean, as Pettus argues, that everyone who seeks leave to file a supplemental *pro se* brief is 'entitled' to file one."  (Doc. 62 PAGEID 2583).  "[M]erely asserting that something is a right does not make it [s]o."  (Id.).

**Ground Five.**  The original R&R recommends that Pettus' claim that he received ineffective assistance of appellate counsel be dismissed with prejudice, because it was previously analyzed in the context of excusing procedural default vis-à-vis Grounds One and Two.  The Magistrate Judge engages in no further analysis because, while Pettus objects, he simply incorporates prior arguments.

**Certificate of Appealability.**  Pettus objects to the Magistrate Judge's recommendation that he be denied a certificate of appealability because the R&R is thirty-two pages long.  The Magistrate Judge notes, however, that Pettus "cites no jurist who has disagreed with any of the conclusions the Report reached."  (Doc. 62 PAGEID 2584).

**Pettus' Objections to the Supplemental R&R (Doc. 63).**  Pettus filed timely objections to the Supplemental R&R (Doc. 62), all of which the Court will overrule.

Pettus urges that any procedural default as to Grounds One and Two should be excused "because of the state court's procedural irregularities and civil rights violations, one of which this Court has already recognized."  (Doc. 63 PAGEID 2589 (citing May 26, 2020 Order, Doc. 22 PAGEID 200 ("a 'right' was created [by the Ohio appellate court] that was later denied to [Pettus]." (Barrett, J.)))).  The purported "right" to which Pettus refers is the "right" to file a *pro se* brief (to supplement appointed appellate counsel's brief) in which he argues his equal protection preliminary hearing claim (Ground One) and his Sixth Amendment choice-of-counsel claim (Ground Two).  As the Magistrate Judge observed, the undersigned did *not* recognize any such right.  The undersigned was simply paraphrasing the (unavailing) argument of habeas counsel.  Similarly, as to Ground Four, Pettus argues that the Magistrate Judge never addresses the "right" to file a *pro se* supplemental brief "[d]espite the fact the Article III judge in this action recognized that a

right was created that was later denied to Pettus[.]"  (Doc. 63 PAGEID 2590).  This statement is wildly inaccurate[28] and, as such, cannot substantiate an objection.

As to the Magistrate Judge's alternative recommendation that Ground One be dismissed with prejudice because it is without merit, habeas counsel maintains (again) that "Pettus **did** contend in his petition that African American have been systematically denied the right to a preliminary hearing."  (Doc. 63 PAGEID 2591 (emphasis added)).  This statement is entirely false, as the Magistrate Judge explains and as any competent reader can discern.  Ground One claims a violation of the Equal Protection Clause in that "Pettus was denied his right to a preliminary hearing prior to his indictment[.]"  (Doc. 1 (¶ 23) PAGEID 6).  Facts in support state simply, "Petitioner was denied the right to a preliminary hearing by the State with its use a loophole in Ohio's Crim.R. 5(B), while other similarly situated defendants in Ohio were in fact permitted the right to have preliminary hearings."  (Id.).  There is *no* mention of race.  None.  A rational basis (rather than strict scrutiny) analysis applies, and the Magistrate Judge correctly identified one.  The balance of Pettus' objection as to Ground One is an almost verbatim recitation of the argument presented to and rejected by the Magistrate Judge.  (*Cf.* Doc. 51 PAGEID 2474 *with* Doc. 63 PAGEID 2591–2593).  Under *Aldrich* and *Renchen*, it is properly overruled.

As to the Magistrate Judge's alternative recommendation that Ground Two be dismissed with prejudice because it is without merit, Pettus refers the Court to the July 14, 2017 hearing at which time Brian Goldberg was appointed as his counsel to replace Arika Underwood.  (Doc. 63 PAGEID 2595 (citing State Court Record, ECF No. 23-13)).

---

[28] (*See* Aug. 2, 2021 R&R, Doc. 59 PAGEID 2557–2561 & Aug. 20, 2021 Supp. R&R, Doc. 62 PAGEID 2583).

Pettus contends that Judge Metz knew as early as July 14, 2017 that he "was in the process of retaining Mary Jo (MJ) Hugan as private counsel." (Id. (citing ECF No. 23-13 PAGEID 1100)). And "[a]s there had not been any delays with the initial trial date, nor continuances requested by either party, the trial court recognized this was Pettus' first time seeking private counsel and expressly stated that the trial 'court would continue that [Oct. . . .trial] date' if necessary." (Id. (citing ECF No. 23-13 PAGEID 1104)). Once again, however, habeas counsel has misstated the record. First, Pettus told Judge Metz that his mother was speaking both to Ms. Hugan *and* attorney Clyde Bennett. (Doc. 23-13 PAGEID 1100). Attorney Bennett, who was in the courtroom, advised Judge Metz that "at this point" he had not been retained on the case. (Id. PAGEID 1101). Second, the discussion around the trial date concerned appointed counsel *Goldberg's* schedule. (Id. PAGEID 1103–1104). Judge Metz expressly told Pettus that if he retained private counsel and they appeared at the next status call, "**and if they can meet this trial schedule or improve it**, I have no problem with substituting them." (Id. PAGEID 1105 (emphasis added)).

Pettus' objection as to Ground Three is a reprise of arguments made in his Traverse/Reply. (*Cf.* Doc. 51 PAGEID 2478–2479 *with* Doc. 63 PAGEID 2597–2598). Under *Aldrich* and *Renchen*, it is properly overruled.

Pettus' objection as to Ground Four repeats arguments made in his Traverse/Reply and in his Objections to the August 2, 2021 R&R. (*Cf.* Doc. 51 PAGEID 2479–2481 *with* Doc. 60 PAGEID 2571–2573 *with* Doc. 63 PAGEID 2599–2601). Under *Aldrich* and *Renchen*, it is properly overruled.

The same holds true regarding Pettus' objection as to Ground Five. *Cf.* Doc. 51 PAGEID 2482 *with* Doc. 60 PAGEID 2573 *with* Doc. 63 PAGEID 2601). Under *Aldrich* and *Renchen*, it is properly overruled.

Finally, Pettus appeals to the undersigned Article III judge to be the "reasonable jurist" that disagrees with the recommendation that he be denied a certificate of appealability. Habeas counsel misconstrues the standard, which contemplates more than whether the undersigned views the Magistrate Judge's recommendations to be correct.

## IV.    CONCLUSION

The Court **ACCEPTS** and **ADOPTS** the August 2, 2021 R&R (Doc. 59), as supplemented (Doc. 62) on August 20, 2021. Petitioner's objections (Docs. 60, 63) are **OVERRULED**. Accordingly, the Petition (Doc. 1) is **DISMISSED** in its entirety **with prejudice**. Because reasonable jurists would not disagree with this conclusion, Petitioner is **DENIED** a certificate of appealability. The Court **CERTIFIES** that any appeal to the United States Court of Appeals for the Sixth Circuit would be objectively frivolous and, consequently, Petitioner is **DENIED** leave to appeal in forma pauperis.

**IT IS SO ORDERED**.

*/s/ Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court